479 So.2d 850 (1985)
BORDEN, INC., a New Jersey Corporation, Appellant,
v.
Eddie Lee YOUNG and Deborah Young, His Wife, Appellees.
No. 84-1297.
District Court of Appeal of Florida, Third District.
December 17, 1985.
Papy, Poole, Weissenborn & Papy and John G. Poole, Jr., Coral Gables, for appellant.
Horton, Perse & Ginsberg and Arnold Ginsberg, Miami, and Richard Reynolds, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The defendant-appellant's primary contention is that the very substantial adverse jury verdict and judgment in this personal injury case[1] was fatally infected by the egregiousness of plaintiffs' counsel's final argument. It is indeed clear that the lawyers for both sides, particularly Richard Reynolds for the plaintiffs, and John G. Poole, Jr. for the defendant, engaged in a disgraceful display of unprofessional conduct[2] which was much more appropriate to *851 a prize fight or, more accurately, to a gladiatorial contest than to a search for truth in the halls of justice. Ironically, it is this common participation in the misconduct which lies at the heart of the plaintiffs' arguments for affirmance. Thus, they suggest (a) that a party like the defendant which participates in an alley fight[3] should not be heard to complain that his opponent did not adhere to the Marquis of Queensberry rules, and (b) that reversal is not justified because, as an aspect of the mutual combat engaged in below, the defendant did not timely object to the now alleged improprieties. See Nelson v. Reliance Insurance Co., 368 So.2d 361 (Fla. 4th DCA 1978). Because we cannot agree that a judgment rendered under these circumstances may be permitted to stand, we do not accept this position.
Approaching the issue on the basis of established principles of review, we conclude that the worst features of Reynolds' argument[4]  which asserted his personal knowledge of nefarious activities supposedly engaged in by the large corporate defendant which were not only not in evidence but did not in fact exist  plumbed such depths of impropriety[5] that the argument (a) cannot be deemed to have been in fair response to the tactics or statements of the defense, which, while certainly impermissible, did not go nearly so far; and (b) was so prejudicial as to be incapable of cure by rebuke or retraction; it thus constituted fundamental error which needed no objection to preserve. Tampa Transit Lines, Inc. v. Corbin, 62 So.2d 10 (Fla. 1952); Seaboard Air Line R. Co. v. Strickland, 88 So.2d 519 (Fla. 1956); Carlton v. Johns, 194 So.2d 670 (Fla. 4th DCA 1967).
Perhaps more important is the broader jurisprudential issue which is raised by cases like this. In our view, it is no longer  if it ever was  acceptable for the judiciary to act simply as a fight promoter, who supplies an arena in which parties may fight it out on unseemly terms of their own choosing, and then, on the ground that the loser has asked for what he received, obediently raise the hand of the one who emerges victorious.[6] We demean ourselves and *852 the system of justice we serve when we permit this to occur. In Schreier v. Parker, 415 So.2d 794, 795 (Fla. 3d DCA 1982), we gave notice that "[a]rguments in derogation of Fla.Bar Code Prof.Resp. EC 7-24, DR 7-106(C)(3), (4) will not be condoned in this court, nor should they be condoned by the trial court, even absent objection. Hillson v. Deeson, 383 So.2d 732 (Fla. 3d DCA 1980)." [e.o.][7] We hereby make that promise good and inform the plaintiffs  as we likely would have the defendant if it had won  and those in all future such cases that we will not supinely ratify the result of a trial like the present one. The judgment below is reversed for a new and, it is to be hoped, acceptable trial.
Reversed.
NOTES
[1] We have previously considered this case in Borden, Inc. v. Young, 418 So.2d 1016 (Fla. 3d DCA 1982), in which the award of a new trial to the plaintiffs after a verdict for the defendant was affirmed. That trial ended in a hung jury. Thus, the instant case involves the third trial of this action. It is regrettable indeed that still a fourth one is now required.
[2] By the transmission of a copy of this opinion to the Florida Bar, we call its attention, pursuant to Integration Rule 11.14(9), to the likelihood that the conduct of these lawyers in the trial below of Case no. 77-28310, Dade County Circuit Court, was in violation of DR 7-106(C)(1),(3),(4),(6), Code of Professional Responsibility.
[3] Among other things, Poole was rightly held in contempt and fined by the trial court for repeatedly disobeying its orders concerning his conduct before the jury.
[4] The following is only an example:

What you decide today is going to determine on not only whether Eddie and Debbie are monetarily taken care of because, sure, that's part of the deal. There's no question about it. He's right, we're asking for money. That's why we're here; no doubt about that but, you known, you're here for something else. He's here because he wants to get his dignity back. You are going to say, Borden, you know with all your resources and all of your assets and everything that you got  you have tried to destroy this family, you have put resources behind him in cases that are slightly unreal. They have done things that you can't possibly imagine and Eddie is supposed to be able to go in and counteract this type of resources. It's absolutely and totally impossible. They say, but don't hold it against us. Don't hold it against Elsie.
Well, I got to tell you something. Elsie isn't the sweet little cow you see on the milk can. Obviously, Elsie is a great big corporation and they are there to do one thing, lay it off on somebody else to take care of this man and this lady for the rest of their lives, lay it off on anybody you can lay it off to. Well, fair  lay it off anyplace but don't lay it off on us because we just don't want to hear about it and that is not right and that is not proper... . [e.s.]
[5] See Kendall Skating Centers, Inc. v. Martin, 448 So.2d 1137 (Fla. 3d DCA 1984); Russell, Inc. v. Trento, 445 So.2d 390 (Fla. 3d DCA 1984); Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Seshadri v. Morales, 412 So.2d 39 (Fla. 3d DCA 1982); Wright & Ford Millworks, Inc. v. Long, 412 So.2d 892 (Fla. 5th DCA 1982); Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981); Martin v. State Farm Mutual Automobile Ins. Co., 392 So.2d 11 (Fla. 5th DCA 1980).
[6] Indeed, this attitude does not elevate us even to the level of the boxing and Roman games parallels which have often been invoked (including by this opinion) on this question. Even a boxing referee may stop a bout and rule it "no contest" when both fighters commit flagrant violations of the rules; even Nero had the power to spare a defeated gladiator on whom the mob had turned thumbs down.

In Nelson, supra, the court, drawing upon yet another analogy, stated that judges should not be expected to act as "school teachers, continually correcting argument or comment unobjected to by opposing counsel." 368 So.2d at 362. We respectfully suggest that the proper performance of our duties as judges may indeed require something more than letting the children settle their playground disputes among themselves.
[7] See also Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA 1980) (Schwartz, J., specially concurring), cert. denied, 388 So.2d 1115 (Fla. 1980); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974) (Barkdull, C.J., dissenting), cert. denied, 317 So.2d 442 (Fla. 1975).