502 So.2d 966 (1987)
Larry Ray BRUMAGE, As Personal Representative of the Estate of Roberta B. Hewett, Deceased, Appellant,
v.
Ritchie PLUMMER, D.O., Appellee.
No. 85-2422.
District Court of Appeal of Florida, Third District.
February 10, 1987.
Rehearing Denied March 17, 1987.
*967 Maguire & Friend, Coral Gables, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, and Joel Eaton, Miami, for appellant.
Stephens, Lynn, Chernay & Klein and Robert Klein and Debra J. Snow, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Appellant Larry Ray Brumage, plaintiff in a medical malpractice wrongful death action, seeks reversal of the trial court's order granting defendant's motion for mistrial and authorizing a new trial. Defendant moved for a mistrial as a result of comments made by plaintiff's attorney during closing argument. The court reserved ruling and granted the motion after the jury returned its verdict. The trial judge *968 considered the remarks improper; in his view counsel had asked the jury "to punish the defendant," even though no claim for punitive damages had been alleged. We reverse.
The first remark elicited no objection from defense counsel. Plaintiff's counsel told the jurors: "For you to allow them to get away with it, it's going to happen to other people. You've got to stop it right here and right now."[1] Defendant maintains that the statement constituted fundamental error and that this court should affirm the trial court's grant of a mistrial despite his failure to object. We disagree.
A contemporaneous objection is essential to the preservation of error, Bertoglio v. American Sav. & Loan Ass'n, 491 So.2d 1216 (Fla. 3d DCA 1986), unless the error can be said to be so fundamental as to extinguish a party's right to a fair trial. Gregory v. Seaboard Sys. R.R., 484 So.2d 35 (Fla. 2d DCA), review denied, 492 So.2d 1334 (Fla. 1986); Honda Motor Co. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983), review dismissed, 447 So.2d 886 (Fla. 1984); Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983). Accordingly, we must decide whether counsel's remark constituted fundamental error.
Although we acknowledge the established principle that attorneys are allowed wide latitude in presenting argument to the jury, Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla. 1975); see Honda Motor Co., we are aware that such latitude is not without limitations. Comments similar to those challenged here were addressed in Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517, 519 n. 1 (Fla. 3d DCA 1985), review denied, 492 So.2d 1331 (Fla. 1986). There, plaintiff's counsel also urged the jury to "send a message." Plaintiff's counsel urged the jurors:
Send the message to Cincinnati, Ohio, to Eagle-Picher Industries, that people in Dade County, Florida, do not believe that this is the right way to treat other human beings.
Eagle-Picher, 481 So.2d at 530 (Barkdull, J., dissenting). In Eagle-Picher, this court distinguished the "send a message" argument from the exhortation in Erie Ins. Co. v. Bushy, 394 So.2d 228 (Fla. 5th DCA 1981), and observed that the objectionable comment in Bushy went beyond the "send a message" language found in Eagle-Picher, in that it demanded that defendant pay a penalty.[2] The Eagle-Picher opinion observed that such language "inescapably ask[ed] the jury to punish the defendant despite the absence of any claim for punitive damages," and held that the comment in Eagle-Picher was not sufficiently prejudicial to warrant reversal. Eagle-Picher, 481 So.2d at 519 n. 1. That decision serves as precedent for the result we reach today.
Although the trial judge's desire to correct an unprofessional and prejudicial comment is laudable, compare Borden, Inc. v. Young, 479 So.2d 850, 851-52 n. 6 (Fla. 3d DCA 1985) ("the proper performance of our duties as judges may indeed require something more than letting the children settle their playground disputes among themselves") (emphasis in original), review denied, 488 So.2d 832 (Fla. 1986), with Nelson v. Reliance Ins. Co., 368 So.2d 361, 362 (Fla. 4th DCA 1978) (judges should not be expected to act as "school teachers, continually correcting argument or comment unobjected to by opposing counsel"), his endeavor was thwarted by counsel's failure to object. Eagle-Picher; see Sears. The remark under consideration is neither "`of such character that neither rebuke nor retraction may entirely destroy [its] sinister influence,'" Baggett v. Davis, 124 Fla. 701, 717, 169 So. 372, 379 (1936) (quoting Akin *969 v. State, 86 Fla. 564, 573, 98 So. 609, 612 (1923)), nor "so inflammatory as to extinguish the plaintiffs' right to a fair trial and to therefore constitute fundamental error." Sears, 433 So.2d at 1321; see also Gregory. We therefore hold that the remark does not present fundamental error and fails to sustain the trial court's grant of a new trial. Tyus v. Apalachicola N.R.R., 130 So.2d 580 (Fla. 1961); Wasden v. Seaboard Coast Line R.R., 474 So.2d 825 (Fla. 2d DCA 1985), review denied, 484 So.2d 9 (Fla. 1986); but cf. School Bd. of Palm Beach County, Inc. v. Taylor, 365 So.2d 1044, 1047 (Fla. 4th DCA 1978) (unpreserved inflammatory argument "smack[ed] of a demand for a punitive award" and served as a basis for remittitur).
The second comment causing the trial court to grant a mistrial was plaintiff's counsel's statement that "[t]he negligence in this case was so gross and so disturbing that to allow this doctor to walk out of the courtroom and make Danny Hewett an orphan would be unconscionable." The trial court considered the remark a plea for punishment and inappropriate partially because plaintiff had not sought punitive damages. We disagree. The defendant's own expert testified that if the plaintiff's witnesses were correct, the defendant's medical supervision of the deceased would be "grossly improper." See Tate v. Gray, 292 So.2d 618 (Fla. 2d DCA 1974) (argument characterizing a party's conduct as "criminal" not improper). As a result, plaintiff's counsel's statement was a permissible comment upon the evidence. See Honda Motor Co. (argument that plaintiff's father abandoned her when she was a baby and that her mother battered her during her youth a proper relevant comment). Moreover, the record shows that the trial court believed its instruction cured whatever prejudice the comment produced. We therefore hold that the trial court abused its discretion in granting a mistrial on that ground. See Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980); State v. Cumbie, 380 So.2d 1031 (Fla. 1980); see also Kelley v. Mutnich, 481 So.2d 999 (Fla. 4th DCA 1986); Honda Motor Co.; Decks, Inc. v. Nunez, 299 So.2d 165 (Fla. 2d DCA 1974), cert. denied, 308 So.2d 112 (Fla. 1975).
For these reasons, we reverse the trial court's order and remand for further proceedings consistent with this opinion.
Reversed and remanded with directions.
NOTES
[1] The trial court did not specify that this remark served as the basis for its order; however, the parties' briefs cite the same two passages as the foundation for the court's action.
[2] In Bushy, counsel for the plaintiff stated: "I want you to send a message to Erie, Pennsylvania, that you can't defend a case by coming down here and just subtly hinting that we don't owe it and it must have been something else. Send a message to those people and let them know that they are going to have to pay a penalty." Bushy, 394 So.2d at 229.