546 So.2d 736 (1989)
CARNIVAL CRUISE LINES, INC., Appellant,
v.
Rose ROSANIA and Frank Rosania, Appellees.
No. 88-31.
District Court of Appeal of Florida, Third District.
June 6, 1989.
Rehearing Denied August 15, 1989.
*737 Kelley, Drye & Warren and Rodney Earl Walton, Smathers & Thompson, Miami, for appellant.
Horton, Perse & Ginsberg and Ed Perse, Brumer, Cohen, Logan, Kandell, Kaufman & Morales, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
Unfortunately, the final judgment rendered in this matter, which is now under review, must be reversed because of improper comments of counsel for the plaintiffs in closing argument.
The action in the trial court arose by the plaintiffs, husband and wife, suing the defendant alleging error in the maintenance of the area of the vessel wherein the accident occurred. This case involves a trip and fall aboard the Carnival Cruise Lines. The Rosanias were passengers aboard Carnival. On the day of the incident both husband and wife entered the casino. The degree of the lighting was in dispute. The Rosanias separated in order to play his/her own slot machine. Upon wife's search, she tripped over a step which was built to allow the ship's employees to enter and exit a cashier's cage, between two rows of slot machines. The step was carpeted with the same covering as the floor of the casino. At trial it was stipulated that Carnival was fully seaworthy. The jury returned a verdict for Mrs. Rosania and for Mr. Rosania on his derivative claim. It also found Mrs. Rosania 10% contributory negligent. A final judgment was entered reducing her award by 10%. A final judgment was rendered for Mr. Rosania on his derivative claim with no reduction for Mrs. Rosania's contributory negligence.
By this appeal the appellants urge error in denying their motion for directed verdict, in permitting testimony of remedial measures, failure to give certain jury instructions relative to the change in floor levels and on the step in the dark, improper comments in closing argument, award in favor of Mr. Rosania when he did not testify, and failure to reduce Mr. Rosania's award even if proper, by the percentage of comparative negligence found adverse to Mrs. Rosania. We reverse and order a new trial because of plaintiff's closing argument.[1] The argument reflected in footnote one clearly comes within the comments previously condemned by this court in Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985); Eastern Steamship Lines, Inc. v. *738 Martial, 380 So.2d 1070 (Fla. 3d DCA 1980), and by this author's dissent in Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974).
Because this matter is being returned to the trial court for a new trial on all issues we respond to the other errors urged by the appellants with the following comments. We find no error in the denial of the motion for directed verdict. Riccio v. Allstate Insurance Company, 357 So.2d 420 (Fla. 3d DCA 1978); McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969). We also find no error in the failure of the husband to personally testify on the derivative action. There was other evidence that was sufficient to support this claim. Wills v. Snapper Creek Nursing Home, 465 So.2d 562 (Fla. 3d DCA 1985).
We do, however, find that the trial court erred in permitting into evidence testimony as to remedial measures taken by the appellant subsequent to the accident giving rise to this cause of action. See City of Miami Beach v. Wolfe, 83 So.2d 774 (Fla. 1955); Seaboard Air Line Railway Company v. Parks, 89 Fla. 405, 104 So. 587 (1925); City of Niceville v. Hardy, 160 So.2d 535 (Fla. 1st DCA 1964); Section 90.407, Florida Statutes (1987).
The appellee herein contends that this evidence is admissible as an exception to the aforementioned rulings and statute in those cases where contributory/comparative negligence is raised as a defense. We disagree. In the present case, the testimony was admitted solely for the purpose of showing negligence on the part of the appellant and not to rebut a defense of contributory/comparative negligence. See Fasanaro v. Mooney Aircraft Corporation, 687 F. Supp. 482 (N.D.Cal. 1988). This is contrary to Section 90.407, Florida Statutes (1987), and the cited cases. To hold otherwise would do violence to the established public policy and sound reason, "... that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrong doers. A rule which so operates as to deter men from profiting by experience and availing themselves of new information has nothing to commend it, for it is neither expedient or just." See Seaboard Air Line Railway Company v. Parks, supra. Permitting the introduction of evidence of subsequent remedial measures herein would accomplish exactly that, requiring the appellant to either give up the defense of comparative negligence or the right to the exclusion of socially useful subsequent remedial measures and in effect would defeat a rule of some 64 years standing. This we will not do.
We also find error, which was conceded by the appellee, in the failure to reduce the husband's award by the percentage of contributory negligence by the wife.
Therefore this matter is returned to the trial court for a new trial.
Reversed and remanded with directions.
BASKIN, J., concurs.
SCHWARTZ, Chief Judge (specially concurring in part; dissenting in part).
I thoroughly agree with the court's decision to reverse for a new trial because of the blatant improprieties in the final argument of counsel for the plaintiffs. I would emphasize, however, that, unlike such cases as Borden, Inc. v. Young, 479 So.2d 850 (Fla.3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986), in which there was no preservation below of the claim of error, defense counsel in this case, at least for the most part, did raise timely objections at the trial. It is unnecessary therefore to go as far as the majority to justify the plainly correct result it reaches. See Regan Ins. Agency v. Krause & Sons, Inc., 325 So.2d 35 (Fla. 3d DCA 1976) (objection preserved); Magid v. Mozo, 135 So.2d 772 (Fla. 1st DCA 1961) (same).
I do disagree with the conclusion that evidence that the vessel's crew placed a chair at the scene of the fall after it occurred was improperly admitted. It is certainly true that, in accordance with the familiar rule codified in section 90.407, Florida Statutes (1987), so-called remedial measures are inadmissible "to prove negligence." See City of Miami Beach v. *739 Wolfe, 83 So.2d 774 (Fla. 1955). In this case, however, the defendant's conduct was admissible to counter its contention that the obstruction on the floor was so obvious that Mrs. Rosania was contributorily or comparatively negligent in tripping over it. It seems unfair, on the face of it, that the defendant should be permitted to make this argument although it found it necessary on the scene to warn other passengers of the existence of the defect. Accordingly, it has been held in the well-reasoned decision of Rimkus v. Northwest Colorado Ski Corp., 706 F.2d 1060 (10th Cir.1983) that the post-accident repair rule does not apply to preclude pertinent evidence concerning the non-existence of contributory negligence. See generally 23 C. Wright & K. Graham, Federal Practice and Procedure §§ 5281-91 (1980); Annot; Admissibility of Evidence of Repairs, Change of Conditions, or Precautions Taken After Accident, 64 A.L.R.2d 1296 (1959). I would follow that decision and hold that the evidence in question was properly admitted under the doctrine it represents.
In all other respects, I concur with Judge Barkdull's opinion.
NOTES
[1] Certain of the comments by plaintiffs counsel during closing argument follow:

"I didn't let Mr. Rosania testify. He didn't see the accident. All he would testify to is he and his wife had a good family life beforehand." [After objection to the comments listed above]. "This is a perfect example of what Carnival Cruise Lines had been doing for the last three years."
The Court: Proceed.
Plaintiff's counsel: "They want to hide the truth."
"There are certain companies and organizations that look for a way to taint. Some of you might have families working for these companies. Carnival Cruise Lines, in my opinion, did not..."
"I think the evidence shows that they have taken the position that they're going to put roadblock after roadblock and say she wasn't fit to make this trip."
"[They] have a doctor, the best that money could buy. They went out and got a doctor." "In putting up roadblocks such as we've seen here through this entire trial, keep in mind when you make a verdict, when you render a verdict, your verdict has to be unanimous."
"And think about how Carnival Cruise Lines defended this particular case."
"Mr. Rosania, I could have put him on the stand and said hey, I couldn't have sex with my wife or cook the way she could."