549 So.2d 199 (1989)
Ralph MAERCKS, M.D. and Ralph Maercks, M.D., P.A. Appellants,
v.
Sherri BIRCHANSKY, Appellee.
No. 88-540.
District Court of Appeal of Florida, Third District.
June 27, 1989.
Rehearing Denied October 11, 1989.
Lee, Schulte, Murphy & Coe and Thomas J. Schulte, Jupiter, for appellants.
Stanley M. Rosenblatt, Susan Rosenblatt and Daniel K. Bandklayder, Miami, for appellee.
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
Ralph Maercks appeals from a jury verdict awarding plaintiff Birchansky $750,000 in compensatory damages in her medical malpractice action against him. Maercks' motion for a new trial, denied by the trial court, alleged that improper argument during closing, and other asserted improprieties by plaintiff's counsel during the trial itself, denied him a fair trial. We agree that Maercks is entitled to a new trial and reverse.
This was a suit for compensatory damages in which there was no claim for punitive damages. We have stated repeatedly that we will not condone such arguments as were made in closing where counsel for plaintiff three times asked the jury as the "conscience of the community" to "send a message with its verdict," and additionally commented on the expense of past medical bills when there was no claim for past medical expenses as damages, made derogatory personal remarks about opposing counsel, and asserted his personal opinion as to the credibility of a witness, the justness of his client's cause and the perfidy of the defendant. Carnival Cruise *200 Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989); Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), review denied, 488 So.2d 832 (Fla. 1986); Schreier v. Parker, 415 So.2d 794 (Fla. 3d DCA 1982); Fla.Bar R.Prof.Conduct 4-3.4(e). Some objections to these remarks were sustained while others were overruled.[1] Equally impermissible was counsel's action in displaying to the jury a plastic bag filled with cancelled checks, when those checks had been excluded from evidence, as to which the trial judge properly admonished counsel for appellee. Fla.Bar R.Prof.Conduct 4-3.4(e) ("In trial, alluding to any matter ... that will not be supported by admissible evidence"). Whether we consider only the remarks as to which the objections were overruled, or the closing argument as a whole, there must be a new trial. See Del Monte Banana Co. v. Chacon, 466 So.2d 1167, 1175 (Fla. 3d DCA 1985); Russell, Inc. v. Trento, 445 So.2d 390, 392 (Fla. 3d DCA 1984).
As for the second issue raised by Maercks, the defendant admitted that he had liability but contended that appellee had been fifty percent comparatively negligent. The nature and extent of liability by both parties was therefore very much an issue in the case. It was not accurate to characterize the case, as appellant has attempted to do, as one in which liability was admitted and the sole issue was damages. Because comparative fault was an issue, we do not find error in the trial court's ruling that evidence of other similar acts could be introduced for the purposes of showing the defendant's state of mind and for impeachment. See Metropolitan Dade County v. Cox, 453 So.2d 1171, 1172-75 (Fla. 3d DCA 1984).
REVERSED.
NOTES
[1] We do not mean to indicate by the result of this opinion that the conduct of defense counsel was entirely blameless. Appellee's allegation that "if any such violations occurred they were surpassed by defense counsel's violations" is not a defense. Borden, Inc. v. Young, 479 So.2d at 851-52.