568 So.2d 480 (1990)
SUN SUPERMARKETS, INC., a Florida Corporation, Appellant,
v.
Harold FIELDS, et al., Appellee.
Harold FIELDS, et al., Appellants,
v.
SUN SUPERMARKETS, INC., a Florida Corporation, Appellee.
Nos. 89-1023, 89-1195.
District Court of Appeal of Florida, Third District.
October 9, 1990.
Rehearing Denied November 7, 1990.
*481 Richard A. Sherman, for Sun Supermarkets, Inc.
Perse & Ginsberg, Edward Perse and Lawrence Rodgers, for Harold Fields, et al.
Before BARKDULL, COPE and LEVY, JJ.
PER CURIAM.
Sun Supermarkets, Inc., the defendant in a personal injury action, appeals the lower court's denial of several of its motions, including its motion for a new trial as a result of remarks made at trial by plaintiff's counsel directly attacking the credibility of the defendant's counsel. For the reasons that follow, we reverse and remand this case for a new trial.
In October of 1986, the plaintiff, Peggy Fields, had implant surgery performed on her right eye. In January of 1987, while shopping at a supermarket owned by the defendant, the plaintiff was struck in the back of the head by a single roll of toilet paper. Subsequent to the incident, the plaintiff's vision was reduced because of a "macula hole" in her eye. The plaintiff, brought suit in October of 1987 claiming that the incident had caused the reduction of vision to her eye.
At trial, over the defendant's objections, the plaintiff's counsel was allowed to continuously remark to the jury that the defense counsel had lied to the jury and that he committed a fraud upon the court and jury. The defendant moved for a new trial based upon these remarks. The trial court denied the motion for a new trial. Also at trial, and over the objections of the defense counsel, the trial court permitted the plaintiff's optometrist to testify as an expert witness on surgical procedures to which he was not qualified to perform. The jury found for the plaintiff in the amount of $1,000,000, but also found her to be 40% comparatively negligent. The court reduced the award accordingly. The defendant made several post-trial motions including a motion for a new trial which was denied. The defendant now appeals.
Based upon the remarks of the plaintiff's counsel that counsel for the defendant lied to the jury and that he committed a fraud, we must reverse. Such comments were highly prejudicial and improper. "It is well-established that where remarks of a highly prejudicial and inflammatory nature are made by counsel during the course of a jury trial, reversal for a new trial must be ordered." Skislak v. Wilson, 472 So.2d 776, 778 (Fla. 3d DCA 1985).
The conduct of the plaintiff's counsel in this case devastated any chance the defendant might have had to secure a fair trial in front of a jury who had been told not to trust the defendant's counsel. These derogatory remarks about opposing counsel will not be condoned. See Carnival Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986). The remarks were of the nature and type that neither a rebuke nor a retraction of the comments would "destroy their prejudicial and sinister influence." Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070, *482 1072 (Fla. 3d DCA 1980), cert. denied, 388 So.2d 1115 (Fla. 1980). Therefore, a new trial must be ordered.
In remanding this case for retrial, we feel it is appropriate to provide guidance to the trial court on other issues raised by the parties on this appeal. First, we agree with the appellant's position that the plaintiff's optometrist was not competent to give medical-type opinions as to the cause of the plaintiff's postoperative condition. Clearly, the causation testimony elicited from him should only be elicited from a qualified ophthalmologist, not an optometrist. The trial court should not have allowed such testimony regarding the plaintiff's condition. Secondly, based upon the facts of this case, the trial court would be correct to sustain an objection by the plaintiff to the giving of a comparative negligence jury instruction. There is no evidence in this record to sustain a finding of comparative negligence on the part of the plaintiff. It must be noted, however, that the giving of the comparative negligence instruction is not a basis for reversal herein. Plaintiff's counsel failed to object to this instruction at trial and, therefore, did not preserve the issue for our review.
For the reasons stated herein, we reverse the trial court's denial of the defendant's motion for a new trial and remand this case for a new trial.