PER CURIAM.
Armando Sanchez, defendant in an automobile negligence action, appeals an order granting a new trial. The jury had returned a verdict in his favor. The trial court gave two reasons for granting a new trial: 1) during closing argument defense counsel displayed to the jury photographs of plaintiffs’ car taken after the accident; and 2) defense counsel made inflammatory and prejudicial comments concerning opposing counsel's efforts to prevent the admission of the photographs into evidence. We hold that the trial court abused its discretion in granting a new trial.
Defense counsel’s display of three photographs during closing argument does not warrant a new trial. During presentation of evidence, three photographs of the plaintiffs’ car were shown to the jury despite plaintiffs’ objection to two of the photographs.[1] Subsequently, defense counsel displayed the photographs to the jury during his closing argument. On its own initiative, the court precluded counsel from further use of the photographs, stating that they had not been admitted as evidence. The Bengocheas did not request a mistrial. Thus, the error was not preserved for appellate review. Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983).[2] The alleged error was not fundamental; the display of the photographs to the jury was merely cumulative to publication of the photographs during the evidentiary portion of the trial. Cf. Maercks v. Birchansky, 549 So.2d 199 (Fla. 3d DCA 1989) (display of cancelled checks *993 excluded from evidence warrants new trial).
Furthermore, defense counsel’s remarks do not constitute a basis for a new trial.[3] Although plaintiffs’ counsel’s efforts to exclude evidence were not relevant to the issues at trial, Sears Roebuck & Co., 433 So.2d at 1319; Russell, Inc. v. Trento, 445 So.2d 390 (Fla. 3d DCA 1984), the comments concerning those efforts were not highly prejudicial or inflammatory. See Del Monte Banana Co. v. Chacon, 466 So.2d 1167 (Fla. 3d DCA 1985). Moreover, the remarks were not “of the nature and type that neither a rebuke nor a retraction of the comments would ‘destroy their prejudicial and sinister influence.’ ” Sun Supermarkets, Inc. v. Fields, 568 So.2d 480, 481 (Fla. 3d DCA 1990) (quoting Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070, 1072 (Fla. 3d DCA), cert. denied, 388 So.2d 1115 (Fla.1980)); the curative instruction extinguished any harm and obviated the need for a new trial.[4] Metropolitan Dade County v. Marino, 526 So.2d 1050 (Fla. 3d DCA 1988); State Farm Mut. Auto. Ins. Co. v. Guthrie, 321 So.2d 116 (Fla. 3d DCA 1975); see Brumage v. Plummer, 502 So.2d 966 (Fla. 3d DCA), review denied, 513 So.2d 1062 (Fla.1987).
For these reasons, we reverse the order granting a new trial and remand with directions to enter a final judgment for defendant in accordance with the jury verdict.
Reversed and remanded.

. The third photograph was shown without objection.

. Neither the court nor appellees asserted that the initial publication of the photographs required a new trial. Furthermore, appellees have not cross-appealed the publication of the photographs to the jury during the presentation of evidence.

. The Bengocheas objected to defense counsel’s comments indicating that counsel for plaintiffs tried to prevent the jury from seeing the photographs. Defense counsel stated: “So it was not a serious accident, it was a minor accident. And this shows exactly what it was at the scene. You will be able to look at this. Remember as you sit in the jury room that Mr. Del Amo wants to try and keep these pictures out. These pictures show very clearly the nature of the impact.”

. In its curative instruction, the court, inter alia, stated: "I told you that the attorneys have a job to do in a particular case, in this case particularly, and that is to represent their clients with zealousness and the fullest ability they have. Needless to say, that is not evidence nor should you consider [that] either one attorney or the other has been ... objecting to the admission of any evidence that is not to be considered by you...."