653 So.2d 409 (1995)
OWENS CORNING FIBERGLAS CORPORATION, and W.R. Grace & Co.-Conn., Appellants,
v.
Sidney MORSE and Natalie Morse, Appellees.
Nos. 93-2334, 93-2341.
District Court of Appeal of Florida, Third District.
March 15, 1995.
Rehearing Denied May 10, 1995.
*410 Crosby, Saad, Beebe & Crump and Richard M. Crump, Mobile, AL, Berger & Chafetz and Steven R. Berger, Miami, for appellant Owens Corning Fiberglas Corp.
Kubicki Draper and Angela C. Flowers, Miami, for appellant W.R. Grace & Co.-Conn.
Robles & Gonzalez and Juan P. Bauta II, Miami, for appellees.
Before COPE, GODERICH and GREEN, JJ.
GODERICH, Judge.
The defendants, W.R. Grace & Co-Conn. (Grace) and Owens-Corning Fiberglas Corporation (OCF), appeal from the trial court's order granting the plaintiffs' motion for a new trial. Grace also appeals from the trial court's denial of its motions for directed verdict, as well as, the trial court's order awarding the plaintiffs costs against Grace as a sanction for its actions. We affirm.
The plaintiffs, Sidney Morse and Natalie Morse, filed suit against OCF and Grace alleging that Mr. Morse was injured as a result of inhaling dust from the defendants' asbestos-containing products. The jury found in favor of the defendants.
The plaintiffs filed a motion for new trial based on unobjected to comments made by Grace's defense counsel during closing argument. In its order granting a new trial, the trial court found that comments made by Grace's counsel during closing argument were "so prejudicial so as to constitute fundamental error, depriving plaintiffs of a fair trial." The order specifically referred to the following comments made by Grace's counsel (emphasis supplied):
The facts are what this case is all about and you have heard Mr. Gonzalez [plaintiffs' counsel] for nine days. He is excellent at confusing issues. He is excellent at hiding the ball. He is a master of trickery.

The only thing that Mr. Morse had testified to prior to coming into this trial was that he saw a product called Zonolite. That was not enough. Obviously, Mr. Gonzalez agreed with me because then he was forced to bring Mr. Morse into this courtroom on a stretcher on major medications and subject him to what you witnessed. It was truly pitiful. You saw him struggle with every response, sometimes literally dozing off between the question and the answer. But he was being prodded by Mr. Bauta [plaintiffs' counsel] into giving a response. A response ladies and gentlemen that he had to have been told by his attorneys.

This appeal follows.
Grace and OCF contend that the trial court erred in granting the plaintiffs' motion for new trial where the unobjected to comments did not rise to the level of fundamental error. We disagree.
A contemporaneous objection to improper comments during closing argument is necessary to preserve error, unless the error can be said to be fundamental. Brumage v. Plummer, 502 So.2d 966, 968 (Fla. 3d DCA) (citations omitted), rev. denied, 513 So.2d 1062 (Fla. 1987). Fundamental error occurs if the argument "was so prejudicial as to be incapable of cure by rebuke or retraction," Borden, Inc. v. Young, 479 So.2d 850, 851 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986); see also Brumage, 502 So.2d at 968, or if the error extinguishes "a party's right to a fair trial." Moore v. Taylor Concrete & Supply Co., Inc., 553 So.2d 787, 792 (Fla. 1st DCA 1989); see also Brumage, 502 So.2d at 968.
*411 The comments made by Grace's trial counsel accused the plaintiffs' attorney of "trickery" and "hiding the ball." In addition, Grace's counsel also argued that plaintiffs' other trial counsel "prodded" Mr. Morse into giving answers and that Mr. Morse's responses "had to have been told by his attorneys." These comments are similar to calling plaintiffs' counsels liars, and accusing the plaintiffs' counsels of perpetrating a fraud upon the court and jury.
In Sun Supermarkets, Inc. v. Fields, 568 So.2d 480 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991), plaintiff's counsel stated that the defendant's counsel had "lied to the jury and that he committed a fraud upon the court and jury." This court stated:
[t]he conduct of the plaintiff's counsel in this case devastated any chance the defendant might have had to secure a fair trial in front of a jury who had been told not to trust the defendant's counsel. These derogatory remarks about opposing counsel will not be condoned. See Carnival Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986). The remarks were of the nature and type that neither rebuke nor a retraction of the comments would "destroy their prejudicial and sinister influence." Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070, 1072 (Fla. 3d DCA 1980), cert. denied, 388 So.2d 1115 (Fla. 1980).
Sun Supermarkets, Inc., 568 So.2d at 481-82. Similarly, in Kaas v. Atlas Chemical Co., 623 So.2d 525 (Fla. 3d DCA 1993), the trial court granted the defendant's motion for new trial on the basis that the plaintiff's counsel during closing argument called a witness a "liar." This court held that "arguments like these fall squarely within that category of fundamental error-requiring no preservation below-in which the basic right to a fair and legitimate trial has been fatally compromised." Kaas, 623 So.2d at 526; see also Moore, 553 So.2d at 792; Redish v. State, 525 So.2d 928, 931 (Fla. 1st DCA 1988) (personal attack on opposing counsel by referring to his "cheap tricks," beyond bounds of proper closing argument).
Likewise, in the instant case, we find that these derogatory comments specifically attacking the integrity of opposing counsel constitute fundamental error, depriving the plaintiffs of a fair trial. As this court has stated on numerous occasions, these inflammatory and prejudicial remarks will not be condoned. Therefore, the trial court correctly granted the plaintiffs' motion for new trial as to Grace. The trial court's order also referenced other comments made by Grace's trial counsel during closing argument which it found to be fundamental error. As a result of our findings that the comments attacking the integrity of opposing counsel constitute fundamental error, we do not need to decide whether these remaining comments also constitute fundamental error. However, since this case is remanded for a new trial, we would once again like to remind trial counsel that inflammatory and prejudicial comments will not be condoned by this court.
Next, OCF contends that the trial court should not have granted the plaintiffs a new trial as to OCF since its trial counsel did not make any of the inflammatory and prejudicial comments. Under the circumstances of this case, we disagree.
It is clear that the trial court granted the plaintiffs' motion for new trial based solely on the closing argument of Grace's trial counsel. During the hearing on the motion for new trial, the trial court stated as follows: "I find nothing in your [OCF's counsel's] conduct that would indicate overstepping the bound in any fashion... . I find no quarrel with your closing arguments." The trial court's order granting the plaintiffs' motion for new trial stated as follows:
Owens-Corning, co-defendant, urges that it not be required to retry this case, because it did not participate actively in the vilification of plaintiffs' counsel. This is so, but neither did Owens-Corning object or otherwise disassociate itself from the venom injected into the factual evidentiary pool, about to be explored by the jury.
We do not agree with the trial court that OCF, as a codefendant, had a duty to object to Grace's closing argument in order to "disassociate itself" from Grace's trial counsel's highly unprofessional, inflammatory and prejudicial remarks. Nonetheless, we must determine whether Grace's trial counsel's remark had a prejudicial effect on the plaintiffs' *412 case against OCF. See Cedars of Lebanon Hosp. Corp. v. Silva, 476 So.2d 696, 704 (Fla. 3d DCA 1985).
Even though the inflammatory comments attacking the integrity of opposing counsels were not made by OCF's trial counsel, due to the nature of these comments, we find that they deprived the plaintiffs of a fair trial as to both defendants. It is unfortunate that OCF has to be punished for Grace's trial counsel's actions, but the comments adversely affected the jury's perception of the plaintiffs' trial counsels.
Turning now to Grace's further points on appeal, we find that the trial court correctly denied Grace's motion for directed verdict, where, taken in the light most favorable to the plaintiffs, as the non-moving party, there was sufficient evidence presented to support the verdict for the plaintiffs. Ogden v. State, Dep't of Transp., 601 So.2d 1300 (Fla. 3d DCA 1992); Balart v. Michel's Kartway, Inc., 364 So.2d 90 (Fla. 3d DCA 1978). We also find that the imposition of plaintiffs' costs against Grace is appropriate as a sanction for its actions. See Weiss v. Trust Under the Will of Pollak, 595 So.2d 1035 (Fla. 3d DCA 1992).
Accordingly, we affirm.