PER CURIAM.
This is an appeal by the defendant Safeway Insurance Company from a final judgment entered after an adverse jury verdict in an action brought by the plaintiff Joseph Henry Segura to collect on a judgment previously obtained against the defendant’s insured, Eloy Flores. The defendant raises various points on appeal, several of which relate to certain allegedly improper conduct and comments made by plaintiffs counsel to the jury. We have carefully examined this conduct and comments in light of the entire record and agree that the aforesaid deprived the defendant of a fair trial. We accordingly reverse and remand for a new trial.
The defendant contends, and we agree, that the trial court erred in allowing the plaintiff to cross examine, over proper objection, the defendant’s representative at trial concerning whether certain documents had been removed from the defendant’s claim file in the case, principally a letter from Flores’ personal counsel notifying the defendant concerning the underlying lawsuit. It appears without dispute that the claims file had been previously received in evidence without objection, and that plaintiffs counsel had agreed to the removal of certain documents from the claims file as constituting work product. Accordingly, it was improper for plaintiff’s counsel to cross examine the defendant’s representative on the alleged improper removal by the defendant of critical documents from the claims file — the removal of which the plaintiff had previously agreed to — and to argue this issue to the jury.
Moreover, this improper questioning and argument was highly prejudicial to the defendant, as the central issue in the case was whether the defendant had been properly notified by its insured Flores of the underlying lawsuit. Flores’ personal counsel testified that he so notified the defendant by letter; the defendant’s claims file, however, did not contain this letter. To explain this omission, the plaintiff engaged in the above improper questioning and argument, inferring that the defendant had deliberately removed this letter from the file, based on no record evidence whatever. We therefore conclude that the error in allowing this questioning and comment was reversible in nature because it deprived the defendant of a fair trial on the critical issue involved in the *499 case. See e.g., Carnival Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla.1986).
In addition, the plaintiff’s counsel engaged in other improper conduct, over objection, throughout the trial which further supports our conclusion that the defendant did not receive a fair trial. Despite repeated warnings by the trial judge, the plaintiffs counsel persisted in making improper and prejudicial speeches to the jury whenever he objected to questions asked by defense counsel. Plaintiffs counsel also improperly suggested, based on no record evidence whatever, that the defendant should not have insured Flores because he had a drunk driving record. The sum total of this improper conduct, together with the improper cross examination, utterly deprived the defendant of a fair trial.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to conduct a new trial in the cause.
Reversed and remanded.