683 So.2d 552 (1996)
OWENS-CORNING FIBERGLAS CORPORATION, Appellant,
v.
Naomi CRANE, as Personal Representative of the Estate of Survivors of Carlton D. Crane, Deceased, Appellee.
Nos. 95-951, 95-1263.
District Court of Appeal of Florida, Third District.
October 16, 1996.
Rehearing Denied December 18, 1996.
*553 Blaire & Cole, Coral Gables; Berger & Chafetz and Steven R. Berger, Miami, for appellant.
Robles & Gonzalez, P.A., Miami; A.J. Barranco & Associates, P.A. and Sam Daniels and Michael Pfundstein and Robert Kohlman, Miami, for appellee.
Robert A. Butterworth, Attorney General and Louis F. Hubener, Assistant Attorney General, for Amicus Curiae, State of Florida.
Before BARKDULL, LEVY and GREEN, JJ.
PER CURIAM.
Owens-Corning Fiberglas Corporation ("OCF") appeals from a final judgment awarding Naomi Crane as personal representative of the estate of Carlton Crane both compensatory and punitive damages in a wrongful death action after a jury trial.
Naomi Crane filed suit below in September 1992 against OCF and other defendants for the asbestos-related death of her husband, Carlton. Prior to his death in 1991, Carlton Crane had been employed as a pipefitter and had been exposed to asbestos-laden products manufactured by OCF from 1956 through 1966. This case proceeded to trial solely against OCF after all of the remaining defendants settled prior to trial for a total of $157,100. After a two week trial, the jury found in favor of Crane on the issues of negligence and strict liability and attributed 60% of the fault to OCF and 40% to "others". As compensatory damages, the jury awarded the Plaintiff $98,000 for past and future economic damages and $344,000 for past and future noneconomic damages. The jury further found OCF liable for punitive damages.
Approximately two weeks later, the same jury was reconvened to consider the amount of punitive damages to be awarded. Although OCF requested two days for the trial, the court limited this trial to one day. The jury awarded the plaintiff $666,000 in punitive damages.
Thereafter, final judgment was entered in the plaintiff's favor in the amount of $950,900 which represented the difference between the total amount awarded by the jury ($1,108,000) and the amount paid by the settling defendants ($157,100).[1] The court declined to reduce the plaintiff's noneconomic damages further by the 40% of fault the jury attributed to "others" because it found that OCF's conduct "rose to the level of intentional, willful, or wanton." This appeal followed the judgment.
We first address OCF's argument that this action is barred by the twelve year *554 products liability statute of repose formerly found at subsection 95.031(2), Florida Statutes. See, e.g., § 95.031(2), Fla. Stat. (1985) (repealed in pertinent part by ch. 86-272, § 2 at 2020, Laws of Fla.). In support of this argument, OCF points to the fact that Mr. Crane's last possible exposure to its asbestos product occurred in either 1966 or 1967 and this suit was not brought until 1992, more than twenty-five years later. We recently considered this precise issue in Owens-Corning Fiberglass Corp. v. Corcoran, 679 So.2d 291 (Fla. 3d DCA 1996). Citing to Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla.1981), we found that an application of the statute of repose under the facts of this case would result in an unlawful denial of the plaintiff's access to the courts, therefore, we concluded that the statute was not a bar to recovery. Corcoran, 679 So.2d at 293. Accordingly, the trial court did not err in denying OCF's motion to dismiss the complaint or motion for directed verdict.
Next, OCF asserts that it is entitled to a new trial because of certain inflammatory, improper and prejudicial comments made by plaintiff's counsel during closing arguments. OCF asserts that its counsel's credibility was impugned before the jury during its closing argument when Crane's counsel repeatedly accused OCF's counsel of fabricating and misrepresenting the evidence in a speaking objection.[2] Further, when Crane's counsel began his rebuttal argument, he asked the jurors to rely upon their recollection of the evidence but he again insinuated that OCF's counsel had been less than forthright with them about the evidence.[3]
The appellee, on the other hand, argues that the trial court correctly denied OCF's motion for a new trial on this issue where no objection was made to the statements during the trial, and where OCF otherwise failed to demonstrate that they constituted fundamental error. We disagree and find plaintiff's counsel's comments about opposing counsel to come within the purview of those improper comments repeatedly condemned by this court in Owens Corning Fiberglas Corp. v. Morse, 653 So.2d 409 (Fla. 3d DCA)[4], rev. denied, 662 So.2d 932 (Fla. 1995), Sun Supermarkets, Inc. v. Fields, 568 So.2d 480 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 164 (Fla.1991), and Carnival *555 Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989). While it is perfectly permissible for trial attorneys to point out perceived discrepancies in the evidence introduced at trial and opposing counsel's characterization of the same, it is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury in the process. Even in the absence of a contemporaneous objection, we have found such comments about opposing counsel made during closing argument to be fundamentally erroneous. Morse, 653 So.2d at 410-11; Kaas v. Atlas Chemical Co., 623 So.2d 525, 526 (Fla. 3d DCA 1993) ("[A]rguments like these fall squarely within that category of fundamental errorrequiring no preservation belowin which the basic right to a fair and legitimate trial has been fatally compromised.").
In conclusion, we find that these improper statements made by plaintiff's counsel sufficiently tainted this proceeding enough to warrant a new trial. We therefore do not reach OCF's remaining challenges to the damages awarded in this case.
Reversed and remanded for a new trial.
NOTES
[1] As the final judgment was entered on March 28, 1995, the trial court did not have the benefit of the supreme court's June 15, 1995 opinion in Wells v. Tallahassee Memorial Regional Medical Ctr., 659 So.2d 249 (Fla.1995).
[2] Specifically, the following transpired:

[OCF's Counsel]: The one last thing that I want to talk to you about is this business about the fibers in the lung. Kaylo is made up of amosite and chrysotile, about 15 percent. Unibestos, the stuff that Mr. Helser said was consistent with the description of the co-workers, 60 to 80 percent amosite. Zonolite, that was that spray on stuff that was talked about in the depositions made by W.R. Grace, that was talc with tremolite.
[Plaintiff's Counsel]: Your honor, I'm going to object at this time. Now that we have fabrication of evidence, this is not true. Unibestos
THE COURT: Please, we will have no talking objections. Thank you. Sustained.
[OCF's Counsel]: Your Honor, I have
THE COURT: Sustained. Let's finish up.
[Plaintiff's Counsel]: May it be stricken, Your Honor?
THE COURT: Yes, Let's finish up. Close your argument now if you would, Mrs. Cole.
[Plaintiff's Counsel]: Your Honor, I'm also concerned about the representation of the deposition of Dr. Schepers.
THE COURT: No further objections. I'll overrule your objection. Thank you. Anything else, Mrs. Cole? Move onto another area.
[OCF's Counsel]: Your Honor, may I come side bar briefly so that I can understand your ruling?
THE COURT: No side bar. Let's finish up your final argument, please.
[OCF's Counsel]: Dr. Roggli testified that unibestos was 60 percent amosite asbestos.
[Plaintiff's Counsel]: Your Honor, I object. That's a fabrication.
THE COURT: Overruled. Please go ahead, Mrs. Cole, overruled.
[OCF's Counsel]: Mr. Helser testified that amositethat unibestos was 60 percent amosite.
[Plaintiff's Counsel]: Your Honor, that is absolutely a misrepresentation of Mr. Helser's We've read his transcripts.
THE COURT: Overruled.
[OCF's Counsel]: I can understand why this issue raises some blood pressure, because amosite was what Dr. Cagel and Dr. Roggli found in Mr. Crane's lung tissue.
[3] Crane's counsel stated as follows:

"Its supposed to mean something to a lawyer to come in here and make representations to the jury. You have the duty and obligation to seek the truth. Rely on your memory please."
[4] It is ironic [and unfortunate] that the same attorney who was the object of such improper comments in Morse is now the offending counsel in this case.