SORONDO, J.
(concurring).
The comment made by defense counsel during opening statement, if error, was harmless. As set forth in the dissent, defense counsel told the jury that the plaintiff would call five witnesses, one or two of whom would be physicians. The comment which is at the center of this case is the following:
We will ask you, when you listen to the testimony of all five of these witnesses, whether there’s a prior relationship with Mr. Quito’s lawyers and whether there is a financial arrangement or relationship of any type with these witnesses.
Plaintiffs counsel objected and asked for a sidebar which the judge allowed. The objection was articulated as follows:
I just put it together that he’s going to ask the jury if Mr. Quito’s lawyer, which is me, has paid off five witnesses. This is scandalous and outrageous ...
Defense counsel explained to the judge that what he meant was that plaintiffs counsel refers “hundreds” of clients to one of the doctors in question. Additionally, one of the plaintiffs witnesses, his roommate aboard the cruise ship in question, was also represented by plaintiffs counsel and had a pending lawsuit against the cruise line when the present litigation was instigated and during a portion of its pen-dency.[1] The trial judge concluded that this was a legitimate comment and that a reasonable person would not infer that plaintiffs counsel was buying off the witnesses. Plaintiffs counsel restated his objection and moved for a mistrial. The comment at issue was not repeated during opening statement or any other part of the trial. As promised, during trial, the doctor whom defense counsel spoke of was called to testify and was vigorously cross-examined concerning the number of referrals he received from plaintiffs counsel.
Although the jury was not told of defense counsel’s explanation at sidebar, and in spite of the unfortunate breadth of the statement, I cannot conclude that the comment is fatal to this case. Conceding for the sake of argument that the comment was error, it was without question, harmless. The plaintiffs testimony constituted the heart of his case, as he was the only witness to the alleged accident. His testimony was severely impeached in several ways and by several witnesses. To believe that the single comment made during opening statement in this week-long trial was sufficient to taint the verdict is unreasonable.
The objectionable comments made in Owens Corning Fiberglas Corp. v. Morse, 653 So.2d 409 (Fla. 3d DCA 1995), upon which the dissent relies, were far more egregious. There, during closing argument, defense counsel said of plaintiffs counsel:
He is excellent at confusing issues. He is excellent at hiding the ball. He is a master of trickery.
Id. at 410. Counsel also directly suggested that his opponent had suborned perjury. These comments were far more outrageous than the one in this case, which correctly suggests that there was a “financial agreement or relationship” between plaintiffs counsel and the witnesses. Additionally, the comments in Owens Coming were made during summation immediately before the jury retired to deliberate and consequently had the potential for making a significantly greater impact on the deliberative process.

. Plaintiff challenged the admissibility of this information pre-trial but the issue was decided against him.