COPE, J.
(dissenting).
I would reverse on authority of Owens Coming Fiberglas Corp. v. Morse, 653 So.2d 409 (Fla. 3d DCA 1995), for defense counsel’s improper opening statement which impermissibly attacked the integrity *1180 of plaintiffs counsel. Defense counsel said:
Now, as best as we can tell at this point, Mr. Lipcon will call five witnesses. He’ll call two doctors or he may call one of the two. He’ll call a maritime expert or so-called self-proclaimed expert. He’ll call the head photographer, who is his client, and he’ll call Mr. Quito, who is his client.
We will ask you, when you listen to the testimony of all five of these witnesses, whether there’s a prior relationship with Mr. Quito’s lawyers and whether there is a financial arrangement or relationship of any type with these witnesses.
(Emphasis added).
The implication is that plaintiffs counsel is paying off witnesses in the case. This is an accusation so severe that the taint cannot be undone.
Plaintiffs counsel immediately moved for a mistrial. Defense counsel at sidebar gave the trial judge a benign interpretation of the remark — but the jury did not hear the explanation. I respectfully disagree with the proposition that the comment was harmless. The lawyers are supposed to try the case, not each other. The motion for mistrial should have been granted.