954 So.2d 630 (2007)
Yoel SANCHEZ and Yordanys Meneses, Appellant,
v.
Elida NERYS, Appellee.
No. 3D05-2434.
District Court of Appeal of Florida, Third District.
February 14, 2007.
Rehearing Denied May 18, 2007.
Kubicki Draper and Angela C. Flowers, Ocala, for appellant.
Mark J. Feldman, Miami, for appellee.
*631 Before FLETCHER, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendants, Yoel Sanchez ("Sanchez") and Yordanys Meneses ("Meneses") (collectively referred to as "defendants"), appeal (1) a final judgment in favor of the plaintiff, Elida Nerys ("Nerys" or "plaintiff"), in the amount of $185,290.00; and (2) a final order awarding the plaintiff her attorneys' fees and costs pursuant to section 768.79, Florida Statutes (2005). For the following reasons, we reverse both orders and remand for a new trial.
Nerys filed a personal injury action to recover for injuries allegedly suffered as a result of an automobile accident involving Nerys, who was a passenger in a vehicle driven by her daughter, and another vehicle owned by Sanchez but which was being driven by Meneses. During the course of the jury trial, the defendants, in support of their argument that the plaintiff's alleged injuries pre-dated the accident, presented the expert testimony of Dr. Salvador Ramirez. Over objection, on cross-examination, the plaintiff's counsel sought to impeach Dr. Ramirez by asking him whether he kept computer records detailing the cases in which he had served as an expert witness and the lawyers who hired him. Dr. Ramirez responded that he does not keep computer records of this information, but he does keep a list of court appearances. He testified that he does not, however, maintain a list of the lawyers who retain him as an expert. Over objection by the defendants, the plaintiff's counsel was allowed to continuously and improperly question Dr. Ramirez regarding his computer system, claiming, without support, that Dr. Ramirez had intentionally and deliberately destroyed and eliminated information on his computer pertaining to the number of cases he had been retained as an expert and the lawyers who had retained him. This impropriety was compounded by plaintiff's counsel's remarks during closing argument, wherein counsel again accused Dr. Ramirez of deliberately destroying documents and arguing that his testimony should be disregarded as a result. There was no evidence in the record, however, that Dr. Ramirez had created or destroyed any documents or information in his computer. The record, in fact, demonstrated that Dr. Ramirez did not input this information in his computer, and although not required to do so, maintained a list of his court appearances for a reasonable period of time and had produced this list to plaintiff's counsel prior to trial.
An expert witness' credibility may be impeached by showing bias, partiality, improper relationships or motives. § 90.608, Fla. Stat. (2005); § 90.702, Fla. Stat. (2005). Florida case law and Florida Rule of Civil Procedure 1.280(b)(4)(A) provide "reasonable latitude for inquiry about the extent of a trial expert's alignment with one side, or another" and "allow some discovery regarding work that the trial expert has done in other cases." Flores v. Miami-Dade County, 787 So.2d 955, 958 (Fla. 3d DCA 2001). To demonstrate the probability of bias, an expert witness may be questioned about the scope of employment and the compensation arrangements for the pending case; about the expert's general litigation experience and the percentage of work performed for plaintiffs or defendants; about the identity of other cases wherein the expert has been retained; and may be asked to give an approximate estimate of the portion of the expert's time or work devoted to services as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness. Fla. R. Civ. P. 1.280(b)(4)(A); Elkins v. Syken, 672 So.2d *632 517, 520-21 (Fla.1996). An expert, however, may not be compelled to compile or produce non-existent documents. Elkins, 672 So.2d at 521. Consequently, we conclude that the cross-examination of Dr. Ramirez went beyond permissible grounds on the issue of bias and amounted to a prohibited attack on Dr. Ramirez's character when plaintiff's counsel repeatedly argued that Dr. Ramirez had intentionally destroyed documents that had never been created and of which he was under no duty to compile or produce.
In addition to the plaintiff's counsel's improper cross examination of Dr. Ramirez and the arguments flowing from this cross examination during closing argument, are plaintiff's counsel's improper, inflammatory remarks and personal attacks upon defense counsel. Plaintiff's counsel's arguments to the jury that defense counsel was "pulling a fast one," "hiding something," and "trying to pull something," was tantamount to calling defense counsel liars and accusing them of perpetrating a fraud upon the court and jury. Owens Corning Fiberglas Corp. v. Morse, 653 So.2d 409, 411 (Fla. 3d DCA 1995); Sun Supermarkets, Inc. v. Fields, 568 So.2d 480, 481 (Fla. 3d DCA 1990). "As this court has stated on numerous occasions, these inflammatory and prejudicial remarks will not be condoned." Owens, 653 So.2d at 411. We find, as we have previously found, that these types of remarks are "of the nature and type that neither a rebuke or retraction of the comments would `destroy their prejudicial and sinister influence.'" Sun Supermarkets, 568 So.2d at 481 (quoting E.S.S. Lines, Inc. v. Martial, 380 So.2d 1070, 1072 (Fla. 3d DCA 1980)).
Based upon a careful review of the record, we conclude that the improper attack upon Dr. Ramirez's credibility, compounded by plaintiff's counsel's improper and inflammatory closing argument, prejudiced the defendants, depriving them of a fair trial and, warranting a new trial. See Manhardt v. Tamton, 832 So.2d 129, 131-32 (Fla. 2d DCA 2002).
As we are remanding for a new trial, we necessarily reverse the final judgment for attorneys' fees and costs since the statutory basis for the award of fees and costs is dependent on the underlying judgment obtained by the plaintiff. See § 768.79, Fla. Stat. (2005); Allstate Ins. Co. v. Mazzorana, 731 So.2d 38, 40 (Fla. 4th DCA 1999).
REVERSED and REMANDED for a new trial in accordance with this opinion.