PER CURIAM.
An Eckerd pharmacist negligently filled McFarlin’s eye drop prescription with an ear drop solution. She suffered an eye injury when the product was administered according to instructions.
A jury returned a verdict finding that McFarlin had suffered $40,000 in damages based on a loss of business earnings. Eck-erd’s motion for a new trial was granted based on a finding by the trial court that the defendant had been “materially prejudiced by allowing a case to proceed to trial where there have been misrepresentations *182 as to the existence of tax returns.” McFarlin, through her attorney, had allegedly misrepresented that no tax returns had been filed when, in fact, as was discovered after the trial, she had filed tax returns showing no income from her childcare business.
A personal injury plaintiff’s internal revenue tax returns are relevant evidence bearing on the issue of loss of earnings. Collins v. Farley, 147 So.2d 593 (Fla. 3d DCA 1962). We, therefore, cannot conclude that the trial court abused its discretion in granting a new trial on damages. A party is not required to anticipate false testimony from an opposing party and a new trial is warranted, on the ground of newly discovered evidence, where it is shown that the prevailing party gave or used false testimony. Roberto v. Allstate Ins. Co., 457 So.2d 1148 (Fla. 3d DCA 1984).
We reverse the granting of a new trial on the uncontroverted liability issue. Where a jury finding on liability is not affected by an impropriety in the case on damages, a remand for a new trial on damages does not require a new trial on liability. Roma Constr. Co. v. Goodman, 557 So.2d 58 (Fla. 3d DCA 1989); Central Taxi Serv., Inc. v. Greenberg, 418 So.2d 333 (Fla. 3d DCA 1982).
Affirmed in part, reversed in part, and remanded for a new trial on damages.