588 So.2d 610 (1991)
Ann MESSMER, Appellant,
v.
TEACHER'S INSURANCE COMPANY, Appellee.
No. 90-2557.
District Court of Appeal of Florida, Fifth District.
September 19, 1991.
Rehearing Denied October 31, 1991.
*611 Robert A. Vostrejs, Jr. and Charlene A. Culbreth, of McClellan, Vostrejs & Batsel, P.A., Ocala, for appellant.
Randall Sutton and Irwin J. Weiner, of Druck & Weiner, Ocala, for appellee.
W. SHARP, Judge.
Messmer appeals from a final summary judgment in favor of Teacher's Insurance Company, which held that Teacher's had fully satisfied the arbitrator's award in a personal injury case. Teacher's had paid in full all of the $54,355 awarded for economic damages (and costs) and twenty percent of the $200,000 noneconomic damages awarded, pursuant to the arbitrator's determination that Teacher's insured (an uninsured motorist) was twenty percent at fault in the automobile accident which injured Messmer. We affirm.
The record discloses that while Messmer was occupying an automobile being driven by her husband, Arthur, they collided with Waldron, driving a pickup truck. Waldron was uninsured. Teacher's had issued a $300,000 policy on the Messmer car for uninsured motorist coverage. The uninsured motorist claim was submitted to arbitration, pursuant to requirements of the policy.
The arbitrators found that Waldron was twenty percent responsible for causing the accident. They also found that Messmer suffered $52,455 in economic damages and $200,000 in non-economic damages. Arthur died shortly after the accident and neither he nor his estate were parties to the arbitration or litigation.
The trial court ruled that pursuant to section 768.81(3), Florida Statutes (1987), Teacher's fully satisfied its (or Waldron's) liability to Messmer. The statute provides in part as follows:
(3) APPORTIONMENT OF DAMAGES.  In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.
Messmer argues that section 768.81(3) requires apportionment for noneconomic damages only as to the actual parties to the litigation or arbitration. She urges that in a case such as this, where Arthur could not have been held liable because of spousal immunity,[1] the joint tortfeasor who is a party should be held liable for the entire amount of the plaintiff's damages.
Judge McNeal concluded that a proper interpretation of section 768.81(3) militates against Messmer's position in this case. We agree, and adopt his opinion as follows:
Section 768.81(3) provides that the court shall enter judgment against `each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.' The court is of the opinion that the language of the statute supports defendant's contention that a party's percentage of the total fault of all participants in the accident is the operative percentage to be considered. The use of the word `party' simply describes an entity against whom judgment is to be entered and is not intended as a word of limitation. Had the legislature intended the apportionment computation to be limited *612 to the combined negligence of those who happened to be parties to the proceeding, it would have so stated. The plain meaning of the word percentage is a proportionate share of the whole, and this meaning should apply in the absence of any language altering or limiting the plain meaning. See Holly v. Auld, 450 So.2d 217 (Fla. 1984).
Even if the language of the statute were deemed to be ambiguous, this court would look to the legislative intent and purpose of the statute. Deltona Corp. v. Florida Public Service Comm., 220 So.2d 905 (Fla. 1969). In light of the policies adopted in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) and Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975), this court is of the opinion that the legislative intent in adopting § 768.81(3) was to implement a system of equating fault with liability, at least as to non-economic damages. The obvious purpose of the statute was to partially abrogate the doctrine of joint and several liability by barring its application to non-economic damage. To exclude from the computation the fault of an entity that happens not to be a party to the particular proceeding would thwart this intent. The subject case is a perfect example. If the court were to adopt plaintiff's view, although defendant was only chargeable with 20% of the fault, it would be required to pay 100% of the damages, both economic and non-economic. This becomes the equivalent of joint and several liability, which the legislature obviously was intending to eliminate.
The supreme court's recent opinion in Conley v. Boyle Drug Company, 570 So.2d 275 (Fla. 1990), supports this interpretation of section 768.81(3). In Conley, the court adopted the "market share" theory of liability in actions against companies which manufactured the drug DES. In adopting this theory of liability, the court rejected the suggestion that a defendant drug company should be jointly and severally liable for the plaintiff's damages, rather than simply being held liable for its percentage share of the damages. The court did so for two reasons. First, the court noted that holding defendants, who were able to establish their actual market share, jointly liable for one hundred percent of the plaintiff's judgment would be contrary to the very premise upon which the market share theory of liability is based. That is, no defendant will be held liable for more harm that it statistically could have caused in the respective market. Second, the court noted that joint and several liability is only favored within this state in specific limited situations set forth in section 768.81. Under this section, the court said that joint and several liability is abrogated except in the case of economic damages with respect to any party whose percentage of fault equals or exceeds that of a particular claimant and in actions brought pursuant to specific statutes. In light of this express legislative pronouncement, the court held that incorporation of the doctrine of joint and several liability into a market share theory of liability would be contrary to the policy of this state. 570 So.2d at 284-285.
The market share theory of liability appears to be based on the same premise as the apportionment of noneconomic damages in section 768.81(3), that is, apportionment according to fault rather than liability for the total amount of the plaintiff's damages. Thus the fact that Arthur is not amenable to suit because of interspousal immunity (or any other ground) is irrelevant. Teacher's should only be responsible for the percentage of fault attributable to its insured (Waldron). To hold Teacher's liable for more than Waldron's share of negligence would revive the doctrine of joint and several liability, which is contrary to recent express legislative intent.
AFFIRMED.
COBB and DIAMANTIS, JJ., concur.
NOTES
[1] Teacher's policy contained an exclusion under liability coverage for liability claims by members of the insured's household. Thus there was no liability insurance coverage for Messmer's injuries caused by Arthur.