592 So.2d 316 (1991)
Allen R. SLEDGE, Appellant/Appellee/Cross-Appellee,
v.
George L. RICHARDS, M.D., Appellee/Appellant/Cross-Appellant.
Nos. 90-816, 90-633.
District Court of Appeal of Florida, Third District.
December 31, 1991.
Rehearing Denied February 18, 1992.
Stinson, Lyons, Gerlin & Bustamante and Doug Lyons and Ian J. Kukoff, Miami, for appellant/appellee/cross-appellee.
Stephens, Lynn, Klein & McNicholas and Robert Klein and Debra J. Snow, Miami, for appellee/appellant/cross-appellant.
Before SCHWARTZ, C.J., and BASKIN and GODERICH, JJ.
PER CURIAM.
George L. Richards, M.D., appeals a nonfinal order denying his motion filed pursuant to Florida Rule of Civil Procedure 1.540(b). We reverse. "A party is not required to anticipate false testimony from an opposing party and a new trial is warranted on the ground of newly discovered evidence, where it is shown that the prevailing party gave or used false testimony." McFarlin v. Jack Eckerd Corp., 581 So.2d 181, 182 (Fla. 3d DCA 1991). The record establishes that in his testimony, plaintiff Allen Sledge misrepresented his employment status and his physical condition *317 at the time of trial. In addition, Sledge's expert testified in reliance on that inaccurate information. Thus, the trial court abused its discretion in failing to grant Dr. Richards' Rule 1.540(b) motion founded on Sledge's misrepresentation. See Alston v. Shiver, 105 So.2d 785 (Fla. 1958); Kline v. Belco, Ltd., 480 So.2d 126 (Fla. 3d DCA 1985), review denied, 491 So.2d 278 (Fla. 1986); Roberto v. Allstate Ins. Co., 457 So.2d 1148 (Fla. 3d DCA 1984); Fla.R.Civ.P. 1.540(b). For this reason, we reverse and remand for a new trial. Our resolution of this issue renders it unnecessary to reach the remaining issues. We note, however, that it was improper for plaintiff's counsel to "assert[] his personal opinion as to ... the justness of his client's cause... ." Maercks v. Birchansky, 549 So.2d 199, 199 (Fla. 3d DCA 1989); Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla. 3d DCA 1967).
Reversed and remanded.