597 So.2d 883 (1992)
Marie G. FABRE, Eddy W. Fabre, and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Ann MARIN, Appellee.
Nos. 91-223, 91-210.
District Court of Appeal of Florida, Third District.
April 14, 1992.
*884 Barnett, Clark & Barnard and Frances F. Gausch and Jim Clark, Mandina & Ginsberg and Mark Ginsberg, Miami, for appellants.
Grossman & Roth, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Eaton, Miami, for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
BASKIN, Judge.
Marie G. Fabre, her husband, Eddy W. Fabre, and State Farm Mutual Automobile Insurance Company [State Farm] appeal an amended final judgment entered on a jury verdict in favor of plaintiff, Ann Marin. Appellants assert error in the trial court's failure to reduce the jury damage award by fifty percent, the percentage of negligence the jury attributed to the Fabres. At the time of the automobile accident, Mrs. Marin was a passenger and not at fault. We agree with the trial court's interpretation of section 768.81(3), Florida Statutes (Supp. 1988), and affirm the amended final judgment.
Mrs. Marin sued Marie and Eddy Fabre to recover damages for injuries she sustained in an automobile accident.[1] Mrs. Marin, a passenger in a car driven by her husband, Ramon, was injured when their car struck an expressway guard wall.[2] Mrs. Marin alleged that Marie negligently changed lanes in front of the Marin vehicle causing Ramon to lose control of his automobile and swerve into the guard wall. The Fabres answered, asserting that another car cut off the Marin vehicle, and that Mrs. Fabre had parked her car on the expressway shoulder four to five minutes prior to the collision to change a flat tire. During discovery, Mrs. Marin learned that the Fabres' insurance was limited to $10,000. The trial court granted Mrs. Marin leave to amend her complaint and add her underinsured motorist insurance carrier, State Farm, as a defendant.
The jury returned a verdict in Mrs. Marin's favor, finding Ramon and Mrs. Fabre each fifty percent at fault,[3] and awarding *885 Mrs. Marin $12,750 in economic damages, and $350,000 in intangible damages. The trial court entered judgment for $362,750 against the Fabres and State Farm. The Fabres and State Farm filed post-trial motions for new trial, for remittitur, and for reduction of Mrs. Marin's recovery by fifty percent,[4] the percentage of fault the jury attributed to the Fabres. The trial court denied the motion for a new trial, granted a remittitur, reducing Mrs. Marin's economic damages by $5,000, and entered an amended final judgment for $357,750. The Fabres and State Farm [collectively "Appellants"] appeal.
Appellants urge reversal of the amended final judgment. They contend that section 768.81(3), Florida Statutes, is unambiguous and that its plain and obvious meaning requires that judgment against appellants be limited to fifty percent of the damages awarded, in accordance with the percentage of fault the jury attributed to them. Appellants correctly assert that Messmer v. Teacher's Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991), is indistinguishable from the case at hand; however, we decline to adopt its conclusion. On the other hand, Mrs. Marin argues that section 768.81(3) is ambiguous and that the trial court's construction of the statute is consistent with the legislature's intent.
It is well settled that a clear and unambiguous statute must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217, 218 (Fla. 1984). However, this axiom is inapplicable to section 768.81(3) because the statute is ambiguous. Section 768.81(3) provides: "In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability... ." (Emphasis added). The statute does not define the term "party." As used in subsection three, "party" may be interpreted as referring to: 1) persons involved in an accident; 2) defendants in a lawsuit; or 3) all litigants in the lawsuit. Despite appellants' urging to the contrary, we decline to apply the first interpretation: subsection three requires a court to enter judgment against liable parties; the court lacks jurisdiction to enter a judgment against nonparties, such as Ramon. The statute does not indicate what quantity or total the court should utilize to factor the "percentage of fault" for which judgment shall be entered, that is, whether to consider the fault attributable to all defendants, or to all participants in the accident. The resolution again depends on the definition assigned to the term "party."
The ambiguities in section 768.81(3) preclude us from discerning its plain meaning. Consequently, the statute must be construed in a way that gives effect to the intent of the legislature. City of Tampa v. Thatcher Glass Corp., 445 So.2d 578 (Fla. 1984). The legislature promulgated subsection three to limit liability to a defendant's degree of fault. Thus, appellants argue, the judgment against them should be equated to their percentage of fault. We do not agree that the legislature's intent in promulgating this subsection was to deprive a fault-free innocent plaintiff of recovery.[5] In fact, several factors counter this construction.
Section 768.81(2) provides:
(2) EFFECT OF CONTRIBUTORY FAULT.  In an action to which this section applies, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.
(Emphasis added). In subsection three, the legislature speaks of "any party whose percentage of fault equals or exceeds that of a particular claimant," contemplating a scenario where the claimant is found to be at fault. Section 768.81(3), Fla. Stat. (Supp. 1988) (emphasis added). In both sections the legislature provides for a reduction in the claimant's recovery only as a result of the claimant's own fault. The first clause *886 of subsection three, for entry of judgment against liable parties, does not refer to "claimants," and is not to be construed as contemplating a reduction in a claimant's recovery by the percentage of liability assigned to individuals who are not defendants in the lawsuit.
Unreasonable consequences would result if appellants' interpretation of section 768.81(3) were adopted. To reduce Mrs. Marin's recovery by half, through no fault attributable to her, solely on the basis of her husband's negligence as a participant in the accident, would ignore the fact that Mrs. Marin is barred from recovering from him by the doctrine of interspousal tort immunity. Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988); Raisen v. Raisen, 379 So.2d 352 (Fla. 1979). The legislature expressly diminished claimant's recovery only by the percentage of claimant's fault. Sections 768.81(2), (3), Fla. Stat. (Supp. 1988). The legislature did not intend, in the first clause of subsection three, to bar a fault-free claimant from recovery in the many situations where one of the tortfeasors is immune from liability, or beyond the court's jurisdiction.
In our view, the legislature, in discarding joint and several liability, intended to apportion liability among defendant tortfeasors to the extent each was determined to be at fault; it did not curtail a fault-free plaintiff's ability to recover. Section 768.81(2), Fla. Stat. (Supp. 1988).
When the meaning of a statute is in doubt, a rational, sensible construction, avoiding unreasonable consequences, is favored. Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981); Radio Tel. Communications, Inc. v. Southeastern Tel. Co., 170 So.2d 577 (Fla. 1964). Appellants' suggested construction would lead to unreasonable consequences and must therefore fail. In the absence of any language in subsection three reducing an innocent plaintiff's recovery, and in view of the statute's express provision of the measure by which to reduce a negligent claimant's award, we conclude that subsection three should not be applied to bar Mrs. Marin's recovery. The trial court properly interpreted section 768.81(3). We certify conflict with Messmer v. Teacher's Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991).
Appellants' remaining points lack merit.
Affirmed.
NOTES
[1] Ann Marin sued Marie Fabre for negligently operating the Fabre vehicle and Eddy Fabre as the owner of the vehicle.
[2] Ramon Marin was originally a plaintiff in this action; however, his claim was voluntarily dismissed.
[3] The verdict form provided:

1. Was there negligence on the part of the Defendant, Marie G. Fabre, which was the legal cause of loss, injury, or damage to Ann Marin?
YES x NO ____
.....
3. Was there negligence on the part of Ramon Marin which was a legal cause of loss, injury, or damage to Ann Marin?
YES x NO ____
.....
4. State the percentage of any negligence that was a legal cause of loss, injury, or damage to Ann Marin that you charge to:

MARIE G. FABRE OR
"PHANTOM" VEHICLE 50 %
RAMON MARIN 50 %
TOTAL: 100 

[4] The verdict contained no finding of fault on the part of Mrs. Marin.
[5] The jury found Ramon, the driver, not Mrs. Marin, the passenger, to be 50% at fault.