600 So.2d 1166 (1992)
SOUTHERN TRENCHING, INC., Appellant,
v.
Ignacio R. DIAGO, Appellee.
Nos. 91-2882, 90-1625.
District Court of Appeal of Florida, Third District.
May 19, 1992.
Rehearing Denied July 21, 1992.
Fowler, White, Gillen, Boggs, Villareal & Banker and Bonita L. Kneeland, Tampa, James F. Dougherty, II, Miami Beach, for appellant.
Perse & Ginsberg and Arnold Ginsberg, Brumer, Cohen, Logan, Kandell & Kaufman, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.

CORRECTED OPINION
SCHWARTZ, Chief Judge.
The defendant appeals from a $1,087,000 judgment in a personal injury action. We reverse for a new trial on all issues.
As to liability, this result is required because of the erroneous exclusion of relevant testimony on the issues of negligence and legal causation. Hobart Corp. v. Siegle, 1992 WL 43201 (Fla. 3d DCA, Case nos. 90-2595 & 90-1208, opinion filed, March 10, 1992) [17 FLW D679]; Graphic Assocs. v. Riviana Restaurant Corp., 461 So.2d 1011 (Fla. 4th DCA 1984); Steiger v. Massachusetts Casualty Ins. Co., 273 So.2d 4 (Fla. 3d DCA 1973); Zabner v. Howard Johnson's Inc., 227 So.2d 543 (Fla. 4th DCA 1969).[1]
The jury verdict on damages may not be permitted to stand because the plaintiff  with the knowledge and connivance of his counsel[2]  deliberately concealed the fact that, three weeks before the trial, he was in an automobile accident involving the same injuries. He thus falsely misled the *1167 court and jury that his damages could have been caused only by the defendant's negligence. No legal proceeding which is infected by conduct of this kind may or will be approved. Sledge v. Richards, 592 So.2d 316 (Fla. 3d DCA 1991), and cases cited; Office Depot, Inc. v. Miller, 584 So.2d 587 (Fla. 4th DCA 1991); McFarlin v. Jack Eckerd Corp., 581 So.2d 181 (Fla. 3d DCA 1991); Colonnell v. Mitchels, 317 So.2d 799 (Fla. 2d DCA 1975); see Smith v. University Medical Center, 559 So.2d 393 (Fla. 1st DCA 1990). Under the circumstances presented, the denial of the defendant's Rule 1.540 post-trial motion based on fraud and newly discovered evidence was even more than an egregious abuse of discretion.[3] It was subversive of the basic and sublime principle that the purpose of our system of justice is to seek the truth.
Reversed and remanded.
NOTES
[1] Our opinion makes it unnecessary directly to consider the appellant's point concerning section 768.81(3), Florida Statutes (1991). By the time of the retrial, the supreme court may have settled the issue by resolving the conflict between Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992) and Messmer v. Teacher's Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991).
[2] It should not be, but obviously is necessary again to point out that

the attempts of ... attorneys to secure victory by the failure to reveal a known and obviously decisive fact cannot be countenanced. See Fla.Bar Rules Prof.Conduct Rule 4-3.3 ("(a) A lawyer shall not knowingly: (1) Make a false statement of material fact or law to a tribunal; (2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by his client... ."); Fla.Bar Rules Prof.Conduct Rule 4-3.3 comment ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation.") (footnote omitted).
Sharff, Wittmer & Kurtz, P.A. v. Messana, 581 So.2d 906, 908-09 (Fla. 3d DCA 1991) (Schwartz, C.J., specially concurring), and cases cited at n. 2, review denied, 592 So.2d 681 (Fla. 1991). Although past experience tells us that doing so is likely an exercise in futility, we hereby call the impropriety of the lawyers' conduct to the attention of the Florida Bar.
[3] We find it particularly offensive that the trial judge actually saw fit to praise the plaintiff's disingenuousness:

Plaintiff was examined by two defense experts (a medical expert Dr. Pratt and a Vocational Rehabilitation expert, Dr. Deutsch) after the April accident and before the trial, Plaintiff did not tell either expert of the April accident because, in his own words, "They never asked me! I was told not to volunteer." Would that all witnesses would be so direct! There was no testimony from either expert concerning direct questions about accidents either before or after November 27, 1987. Since he wasn't asked specific questions about any other accidents or injuries, he didn't volunteer. [emphasis supplied]