623 So.2d 1180 (1993)
ALLIED-SIGNAL, INC., etc., Appellant,
v.
Kevin FOX, Appellee.
No. 80181.
Supreme Court of Florida.
August 26, 1993.
*1181 Kathleen M. O'Connor of Thornton, David, Murray, Richard & Davis, P.A., Miami, for appellant.
G. William Bissett of Hardy & Bissett, P.A., Miami, for appellee.
Marguerite H. Davis of Katz, Kutter, Haigler, Alderman, Davis & Marks, P.A., Tallahassee, amicus curiae for American Ins. Ass'n.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, amicus curiae for the Academy of Florida Trial Lawyers.
Sharon Lee Stedman of De Ciccio & Associates, P.A., Orlando, amicus curiae for the Florida Defense Lawyers Ass'n.
GRIMES, Justice.
Pursuant to section 25.031, Florida Statutes (1987), and Florida Rule of Appellate Procedure 9.150, the United States Court of Appeals for the Eleventh Circuit has certified to this Court a question concerning the interpretation of section 768.81(3), Florida Statutes (1989). Fox v. Allied-Signal, Inc., 966 F.2d 626 (11th Cir.1992). We have jurisdiction under article V, section 3(b)(6) of the Florida Constitution.
The federal appeals court outlined the circumstances giving rise to certification as follows:
On March 9th, 1990, plaintiff-appellee Kevin Fox was working for Eastern Airlines as a technician performing maintenance and overhaul on the electrical systems of airplanes. Fox was servicing an aircraft fan, Allied fan model 73 FA18, when his fingers were caught in the rotating blades of the fan. The fan did not have a safety screen at that particular moment. Allied's maintenance and service manual did not indicate that a safety screen or guard needed to be used over the fan while it was being serviced. Moreover, Eastern Airlines and its employee, Kevin Fox, failed to place a guard or screen over the fan. Eastern Airlines was nonetheless aware of the OSHA requirement that guarding be placed over rotating machines to protect operators from hazards, 29 C.F.R. § 1910.212 (1991). Further, Eastern had established a system for using safety screens, it had instructed its employees on the use of such screens, and it had regularly scheduled maintenance programs to educate its employees on these procedures. Apparently, this accident occurred during a strike against Eastern, and Mr. Fox, as well as other employees, had only been engaged in this type of work for a short period of time. As "new hires," these individuals were given some training, but there is a serious question about its adequacy and what was in fact covered. Eastern Airlines was immune from suit pursuant to the Workers' Compensation Act, Fla. Stat. § 440.11.
As a result of the accident, Mr. Fox received permanent physical injuries: four fingers of his left hand were injured, two of which were amputated. He was able to return to work four months after the accident. Mr. Fox alleged that Allied was negligent in failing to instruct that the fan should be serviced with a safety screen, and in failing to warn of the fan's suction. The trial court denied Allied's request to allow the jury to consider and assess non-party Eastern's percentage of fault, if any, under Florida's Tort Reform Act, Fla. Stat. § 768.81 (1989). The court interpreted the statute to allow apportionment of fault only among the parties to the suit.
The jury found Allied to be seventy percent (70%) negligent and Mr. Fox thirty percent (30%) comparatively negligent. Mr. Fox was awarded a total amount of $350,000.00 in damages. Thus, the amended final judgment was $245,000.00. The *1182 district court denied Allied's motion for a new trial.
Fox, 966 F.2d at 626-27.
The court phrased the question for certification as follows:
WHETHER THE INTERPRETATION OF FLA. STAT. § 768.81(3) (1989) REQUIRES CONSIDERATION BY THE JURY OF A NON-PARTY'S COMPARATIVE FAULT IN ORDER TO DETERMINE A PARTY'S LIABILITY?
Id. at 628. As a reason for the certification, the court noted the conflicting opinions on the subject in Messmer v. Teacher's Insurance Co., 588 So.2d 610 (Fla. 5th DCA 1991), review denied, 598 So.2d 77 (Fla. 1992), and Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992).
On the authority of our decision in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), we answer the certified question in the affirmative. In Fabre we adopted the rationale of Messmer, holding that section 768.81(3), Florida Statutes (1989), requires that liability be apportioned to all participants in an accident in order to determine a defendant's percentage of fault. In support of our decision we cited several cases with facts similar to those in the instant case in which it was necessary to consider the percentage of fault of the plaintiff's employer even though the employer was immune from tort liability under workers' compensation laws. Nance v. Gulf Oil Corp., 817 F.2d 1176 (5th Cir.1987); Johnson v. Niagara Mach. & Tool Works, 666 F.2d 1223 (8th Cir.1981); DaFonte v. Up-Right, Inc., 2 Cal.4th 593, 7 Cal. Rptr.2d 238, 828 P.2d 140 (1992); Connar v. West Shore Equip., 68 Wis.2d 42, 227 N.W.2d 660 (1975).
Having answered the certified question, we return the record to the United States Court of Appeals for the Eleventh Circuit.
It is so ordered.
OVERTON, McDONALD, SHAW and HARDING, JJ., concur.
BARKETT, C.J., dissents with an opinion, in which KOGAN, J., concurs.
BARKETT, Chief Justice, dissenting.
I dissent for the reasons I stated in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) (Barkett, C.J., dissenting).
KOGAN, J., concurs.