654 So.2d 155 (1995)
WELLS FARGO GUARD SERVICES INC. OF FLORIDA, a Florida corporation, Appellant,
v.
Lucille NASH, Appellee.
No. 93-3025.
District Court of Appeal of Florida, First District.
April 4, 1995.
Rehearing Denied May 2, 1995.
*156 Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellant.
Corinne L. Heller of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellee.
LAWRENCE, Judge.
We have for review a judgment awarding damages based on the negligence of Wells Fargo Guard Services, Incorporated (Wells Fargo) in its undertaking to provide security services on the premises of a parking garage. We reverse.
Lucille Nash (Nash) was robbed and pistol-whipped in the parking garage of Methodist Hospital in Jacksonville, on January 7, 1992. Wells Fargo supplied security services pursuant to a contract with the hospital. The jury returned a verdict for Nash in the amount of $556,000; the verdict included non-economic damages of $365,000.
The trial judge denied Fargo's reserved motion for directed verdict, which was based on an alleged lack of duty to Nash. We agree that Wells Fargo owed a duty to Nash, and that the motion for directed verdict was properly denied. See Kowkabany v. Home Depot, Inc., 606 So.2d 716 (Fla. 1st DCA 1992); Restatement (Second) of Torts § 324A & cmt. c (1964).
We must reverse however, based on the verdict form used at the trial. Wells Fargo moved to include the hospital on the verdict form, despite that Nash had not sued the hospital. Wells Fargo based its motion on Messmer v. Teacher's Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991), review denied, 598 So.2d 77 (Fla. 1992), then pending for review before the Florida Supreme Court based on conflict with Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992). The trial judge denied Wells Fargo's motion, relying on the third district's disposition of the issue in Fabre.
The supreme court, in its conflict review of the two cases, quashed the third district's Fabre decision, and approved the fifth district's Messmer decision. Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). The supreme court held that, with respect to non-economic damages, section 768.81(3), Florida Statutes (Supp. 1988),[1] requires that a party's percentage of fault must be determined based on "all ... entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." Fabre, 623 So.2d at 1185; see also Allied-Signal, Inc. v. Fox, 623 So.2d 1180 (Fla. 1993) (holding that, with respect to non-economic damages, section 768.81(3) requires that an employer's comparative fault must be considered by the jury in a negligence suit by an employee against a manufacturer, even *157 though the employer is immune from liability under the workers' compensation law).
We therefore must reverse and remand for a new trial incorporating a proper verdict form.
It is so ordered.
JOANOS and BENTON, JJ., concur.
NOTES
[1] The statute in the instant case is the same as the one examined by the supreme court in Fabre. Ch. 91-110, § 38, Laws of Fla.