317 So.2d 799 (1975)
William J. COLONNELL and United Services Automobile Association, Appellants,
v.
Fred A. MITCHELS and Carol A. Mitchels, Appellees.
No. 74-1324.
District Court of Appeal of Florida, Second District.
September 5, 1975.
Rehearing Denied September 25, 1975.
James R. Lyle and J. Thomas McGrady of Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellants.
Richard A. Bokor, Tampa, for appellees.
GRIMES, Judge.
The plaintiffs filed this suit to recover damages for personal injuries received in *800 an automobile accident which occurred on August 17, 1972. At the conclusion of the trial the plaintiffs' motion for directed verdict was granted. The jury returned a verdict in favor of the plaintiff, Fred A. Mitchels, in the amount of $60,000, and in favor of the plaintiff, Carol A. Mitchels, in the amount of $10,000.
The defendants first argue that the court erred in directing a verdict for the plaintiffs. A careful review of the record leads us to believe that a jury of reasonable persons could have only concluded that the plaintiffs were not negligent and that the defendant, Colonnell, was guilty of negligence which was a legal cause of the accident. Hormovitis v. Mutual Lumber Company, Fla.App.2d 1960, 120 So.2d 42. Hence, the court properly directed a verdict for the plaintiffs, and the defendants' contention that the court should have given instructions pertaining to the violation of certain ordinances is no longer pertinent. We likewise reject the defendants' claim that the verdicts were excessive as a matter of law because the evidence of the plaintiffs' damages was sufficient to support verdicts in the amounts which were returned. However, there is one aspect of Mr. Mitchels' proof of damages which gives us concern.
Mr. Mitchels' main injury consisted of a compound fracture of the right patella which required a partial patellectomy. He was deposed on February 20, 1974. On March 28, 1974, the defendants took the deposition of Dr. Albert Wilson, one of the plaintiffs' treating physicians. Dr. Wilson testified that there was some ossification of the patellar tendon which was causing weakness in Mr. Mitchels' knee. While admitting the possibility that the ossification could further increase, he said he thought Mr. Mitchels' injury had reached a state of permanency from which he expected no material improvement or retrogressive change. He gave the opinion that Mr. Mitchels had a 15% permanent impairment of the leg.
On June 21, 1974, the court issued a notice of trial and order directing pretrial conference. The pretrial conference was set for September 4, 1974, and the trial was set for the week of September 16, 1974. The order directed that all discovery and physical examinations be completed prior to the date of the pretrial conference. On August 22, 1974, the defendants propounded supplemental interrogatories to the plaintiffs in which they were asked about any examination or treatment they had received by any physicians since the date of their depositions or previous interrogatory answers. The plaintiffs filed a motion to strike the defendants' supplemental interrogatories as untimely in violation of the order directing pretrial conference. The motion was granted at the pretrial conference.
Dr. Wilson was called at the trial to testify concerning the plaintiffs' injuries. In the course of his testimony he said that he had examined Mr. Mitchels most recently on September 10, 1974, and had taken additional x-rays at that time. The defendants objected to testimony concerning this examination as being violative of the order prohibiting physical examinations subsequent to the pretrial conference. In response to the court's interrogation, the plaintiffs' attorney indicated that the recent physical examination was done in order for the doctor to be current in his testimony concerning Mr. Mitchels' physical condition. The objection was overruled. Dr. Wilson then testified that the ossification of the patellar tendon had increased substantially since his previous examination on March 15, 1974. As a consequence, he concluded that the knee would continue to get worse.
The defendants had no knowledge that the examination of September 10 was being made and did not receive a copy of the medical report. They contend that they were grievously prejudiced by the testimony of Dr. Wilson concerning this examination. They say they never previously *801 sought to have an independent physical examination by another doctor because they saw no reason to question Dr. Wilson's deposition testimony that Mr. Mitchels' knee had reached a point of equilibrium.
We believe the court abused its discretion in permitting the doctor to testify concerning the September 10 examination. The court strictly followed the terms of the pretrial order with respect to the defendants' supplemental interrogations, yet allowed the plaintiffs to introduce damaging evidence obtained in direct violation of the same order. The defendants were confronted with new x-rays taken at that examination which they had never seen and which were admitted into evidence in spite of the fact that all exhibits were supposed to have been presented at the pretrial conference. Even the additional medical expenses incurred because of the examination were allowed into evidence. The purpose of requiring that physical examinations and discovery be completed by the time of the pretrial conference (which was set only twelve days prior to the week of the trial) was to avoid surprise to either side. As we said in Jones v. Seaboard Coast Line Railroad Company, Fla.App.2d 1974, 297 So.2d 861, "litigation should no longer proceed as a game of `blind man's bluff.'"
Had the fact of the forthcoming physical examination been made known at the pretrial conference, there is no doubt that something could have been worked out. The examination could have been permitted and the defendants immediately supplied a copy of the report and given the opportunity to have an independent examination should the report be adverse. Cf. Bowen v. Manuel, Fla.App.2d 1962, 144 So.2d 341. Under the circumstances, the defendants were caught completely unawares by extremely prejudicial testimony. Justice would be better served by remanding for a new trial on damages with respect to Mr. Mitchels.
The same practice was followed with respect to Mrs. Mitchels, but Dr. Wilson testified that when he saw her on September 14, 1974, her condition had not appreciably changed since his previous examination. Therefore, the defendants suffered no prejudice as a result of his testimony concerning the recent physical examination.
The judgment for Mrs. Mitchels is affirmed. The verdict in favor of Mr. Mitchels was proper, but the judgment is reversed and the case is remanded for a new trial on the issue of Mr. Mitchels' damages.
HOBSON, Acting C.J., and SCHEB, J., concur.