FRANK, Chief Judge.
This appeal originated in an action filed by Cynthia and Robert Johnson claiming damages for personal injuries sustained in a motor vehicle accident involving William Sem-mer. The jury found in favor of the John-sons. Among the points Semmer has raised in this appeal, only one merits discussion. We reverse the verdict.
Following the accident, Cynthia was immediately treated only for soft tissue and nerve injuries in her left shoulder. Several months later, however, she noticed a small lump in the lower portion of her left breast. She consulted Dr. Robert Mandraccia, a plastic reconstructive surgeon specializing in breast augmentation surgery, who decided that an open biopsy of the breast would be necessary. Dr. Mandraccia performed surgery on February 27, 1992. It revealed that a slight portion of a silicone gel implant had herniated through a tear in the post-augmentation sear tissue. The implant, however, remained intact and had not ruptured. The herniated tissue was repaired and no further lumps were reported until November 8,1992, when, during another routine examination, Cynthia informed Dr. Mandraccia that she had found a mass in the upper portion of her left breast, but upon examination, he could not detect it. At his deposition shortly thereafter, Dr. Mandraccia indicated a likely causal relationship between the accident and Cynthia’s breast pathology occasioned by the seatbelt impacting with her chest. He did not, however, express an opinion at that time regarding Cynthia’s prognosis or the advisability of replacing the implants. He stated that he had palpated no other lumps and that Cynthia’s best course for the time was continued self-examination.
Discovery was concluded and the trial commenced in February of 1993. During the *1124 course of the Johnsons’ case, it was revealed for the first time that since the date of her own deposition, October 14, 1992, Cynthia had discovered “two or three” additional lumps in her breast; Dr. Mandraccia had confirmed those findings in an undisclosed examination of Cynthia, undertaken at the request of the Johnsons’ counsel on the morning of the second day of trial. After the trial court overruled an objection to the newly discovered evidence, Semmer requested a continuance to enable his physician to examine Cynthia’s current condition. The request was denied and Dr. Mandraccia testified that removing the implants, and replacing them with safer, more expensive saline devices, would benefit Cynthia.
We agree with Judge Warner’s recent pronouncement in Grau v. Branham, 626 So .2d 1059, 1061 (Fla. 4th DCA 1993), that in all but the most exceptional cases “the lawyers have a right to expect that once a trial commences, discovery and examinations must cease.” We find that view consistent with the guiding principle underlying the rules of discovery — that all relevant facts should be obtainable by the litigants in advance of a proceeding so as to “render surprise at the trial a practical impossibility.” Bowen v. Manuel, 144 So.2d 341, 343 (Fla. 2d DCA 1962); see also, Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981). Even though the rules do not compel a party to supplement completed pretrial responses to discovery, see Florida Rule of Civil Procedure 1.280(e), our courts have shown little tolerance for a party’s mid-trial disclosure of substantial changes in the nature and severity of a litigant’s medical condition. See, e.g., Grau v. Branham; Office Depot, Inc. v. Miller, 584 So.2d 587 (Fla. 4th DCA 1991); Co-lonnell v. Mitchels, 317 So.2d 799 (Fla. 2d DCA 1975). In the present case, had the trial court afforded Semmer an opportunity to have his physician assess Cynthia’s condition, or at least review the findings of Dr. Mandraccia’s mid-trial examination, much of the prejudice occasioned by the surprise disclosure could have been avoided.
Although the Johnsons have contended that Semmer should have known Cynthia’s condition might worsen and, further, that he had the chance, after deposing Dr. Mandrac-eia, to have Cynthia independently examined, the record bears out that Semmer had no reason to challenge Dr. Mandraecia’s pretrial testimony that no post-operative lumps could be confirmed in Cynthia’s left breast. It is, therefore, our conclusion that a brief continuance was not only appropriate but necessary, and that the court’s refusal to grant the request constituted an abuse of discretion.
Accordingly, we reverse and remand for a new trial.
HALL and PARKER, JJ., concur.