676 So.2d 3 (1996)
AUTO OWNERS INSURANCE COMPANY and Jeffrey Roberts, Appellants/Cross-Appellees,
v.
Deborah L. CLARK and Donald Clark, Appellees/Cross-Appellants.
No. 95-0187.
District Court of Appeal of Florida, Fourth District.
April 10, 1996.
Opinion Clarifying Decision June 19, 1996.
*4 Thomas A. Berger of Flanagan & Maniotis, P.A., West Palm Beach, for appellants/cross-appellees.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Lawrence U.L. Chandler of Lawrence U.L. Chandler, P.A., West Palm Beach, for appellees/cross-appellants.
GUNTHER, Chief Judge.
We find that the trial court erred in denying remittitur as to future medical expenses. The evidence and testimony regarding reasonably certain future medical expenses did not support an award of such magnitude. See White v. Westlund, 624 So.2d 1148, 1150 (Fla. 4th DCA 1993). The amount of the award lies outside the reasonable range within which the jury could properly operate. Lassitter v. International Union of Operating Eng'rs, 349 So.2d 622, 627 (Fla.1976).
More importantly, it was error to permit plaintiff's neurosurgeon to give testimony regarding a treatment session which occurred after the discovery deadline in the suit, and to formulate a permanent impairment rating on the witness stand when he had not rated plaintiff's impairment when deposed. Grau v. Branham, 626 So.2d 1059 (Fla. 4th DCA 1993); Colonnell v. Mitchels, 317 So.2d 799 (Fla. 2d DCA 1975).
Lastly, we point out that section 55.03(1), Florida Statutes (1993), requires that a judgment bear interest.
REVERSED AND REMANDED FOR NEW TRIAL.
WARNER and FARMER, JJ., concur.

ON MOTION FOR CLARIFICATION
Appellees' motion for clarification of this court's opinion of April 10, 1996, is granted, and we clarify the opinion as follows. The intent of this court was to reverse and remand for a new trial on damages only.
REVERSED AND REMANDED FOR NEW TRIAL OF DAMAGES ONLY.