BLUE, Judge.
Leta Louiso seeks a new trial as relief from the final judgment in her personal injury action. Louiso contends the trial court erred when it prohibited any testimony from her treating physician that she suffered a permanent injury. This ruling resulted in a directed verdict on the question of permanency thus preventing the jury from considering the permanent character of Louiso’s injury in assessing damages. We agree that the evidence of permanency should have been presented to the jury for its consideration and therefore, we reverse and remand for a new trial.
Louiso brought this action seeking damages from Walter Daniel MeAuliffe for injuries sustained in an automobile collision. Robert Walters, D.C., provided treatment for Louiso’s injuries for the period between the accident and the time of trial. In November 1996 MeAuliffe took Dr. Walters’ deposition in preparation for trial. Walters testified that Louiso had not yet reached maximum medical improvement (MMI), but he expected this would occur in six to ten weeks, at which time he could rate her for permanency. Dr. Walters’ deposition testimony concerning whether Louiso’s injuries were permanent was inconsistent. On two occasions he opined that Louiso’s injuries were probably permanent, but later in the deposition stated he could not give an opinion to a reasonable degree of chiropractic probability that she had sustained a permanent injury.
On April 7, 1997, Dr. Walters examined Lóuiso and on April 17 prepared a written report in which he gave his opinion as to Louiso’s percentage of permanent disability. On April 28, 1997, the first day of trial, MeAuliffe filed a motion in limine asking to prohibit any opinion testimony concerning permanency, if the opinion was formulated after the discovery cut-off date. Following a hearing, the trial court ruled that Dr. Walters could not testify to any opinion related to the permanency of Louiso’s injury. We conclude the trial court’s ruling prohibiting Dr. Walters, Louiso’s treating chiropractor, from offering any opinion on the permanent *651 character of Louiso’s injury was error requiring a new trial. Dr. Walters’ deposition testimony provided sufficient grounds for his opinion at trial that Louiso had sustained a permanent injury. Much of the problem appears to be a result of semantics. It is clear from Dr. Walters’ deposition that he felt a final opinion as to the permanent condition required a disability rating. In the proffer before the trial court ruled, Dr. Walters testified that Louiso had reached MMI on January 8, 1997, and that he determined at that time she had a permanent injury. However, Dr. Walters wanted her to return for the purpose of preparing a permanent disability rating. This rating was the result of the April 7 visit and while the rating may have been properly excluded, the trial court erred by imposing a blanket prohibition against opinion testimony concerning permanency.
We must point out that MeAuliffe did not attempt any formal discovery after the November deposition, even though Dr. Walters testified then that he would reach a final opinion in six to ten weeks. For evidence that no opinion of permanency was formulated until after the discovery cut-off date, MeAuliffe relied on a letter prepared by Dr. Walters’ office dated March 5, 1997. Although the letter is not in our record, McAu-liffe’s attorney quoted from it during his voir dire examination of Dr. Walters: ‘We have been trying to get in touch with her in order to perform a final evaluation and place her with a permanency, if it deems necessary.” Dr. Walters responded to that quote by stating that he knew on the 8th of January that Louiso had a permanent injury. This was certainly fodder for cross-examination, but did not foreclose Louiso’s right to present Dr. Walters’ opinion at trial as to permanency.
McAuliffe’s position in support of excluding Dr. Walters’ opinion as to permanency relies on cases that are factually distinguishable. In Auto Owners Insurance Co. v. Clark, 676 So.2d 3, 4 (Fla. 4th DCA 1996), the appellate court stated that “it was error to permit plaintiffs neurosurgeon to give testimony regarding a treatment session which occurred after the discovery deadline in the suit, and to formulate a permanent impairment rating on the witness stand when he had not rated plaintiffs impairment when deposed.”
In Colonnell v. Mitchels, 317 So.2d 799 (Fla. 2d DCA 1975), the doctor’s opinion was based on an examination held after the pretrial order without any notice to the defendants. Additionally, the examination included new x-rays which were introduced at trial even though they were not presented at the pretrial conference. This court concluded that the trial court had abused its discretion in allowing the doctor’s testimony regarding this examination. See Colonnell, 317 So.2d at 801.
Finally, Grau v. Branham, 626 So.2d 1059 (Fla. 4th DCA 1993), involved surprise, mid-trial examinations and expert opinion testimony based on those examinations. The Fourth District ruled that plaintiffs tactics were bad faith noncompliance with the pretrial order and that the trial court abused its discretion in allowing the medical experts to-testify.
In Colonnell and Grau, the testimony found to be inadmissible was a complete surprise and was developed after the discovery cut-off date. In this case, Dr. Walters’ inconsistent- opinions were expressed during his deposition and were known to MeAuliffe. In his proffer at the trial, Dr. Walters testified he- determined that the injury was permanent four months before the discovery cut-off date. Although the permanent impairment rating may have been formulated after the discovery cut-off date, and thus inadmissable, that should not bar the opinion that the injury was permanent. Any claim by MeAu-liffe of complete surprise is not supported by the record.
Because we have determined that the trial court erred by excluding the opinion testimony of Dr. Walters that was formulated prior to the discovery cut-off, we reverse and remand for a new trial. At the new trial, any evidence which is otherwise admissible and does not violate a new trial pretrial order should be available to the fact finder.
Reversed and remanded for a new trial.
PATTERSON, AC.J., and FULMER, J., concur.