726 So.2d 361 (1999)
OWENS-CORNING FIBERGLAS CORPORATION, Appellant,
v.
Charles McKENNA, et al., Appellees.
No. 98-652
District Court of Appeal of Florida, Third District.
February 3, 1999.
*362 Gibson, Dunn & Crutcher, LLP, and Larry L. Simms, Miguel A. Estrada and Mark A. Perry, for appellant.
Ferraro & Associates, P.A., and James L. Ferraro; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Joel S. Perwin, for appellees.
Before JORGENSON, LEVY and GREEN, JJ.
JORGENSON, Judge.
Owens-Corning Fiberglas Corp. appeals from a final judgment entered on a jury verdict. We affirm.
Charles McKenna, the plaintiff below, was exposed to asbestos while working as a pipefitter apprentice, foreman, and superintendent at a construction company between 1955 and 1972. The Owens-Corning products to which he was exposed were Kaylo pipe covering and Kaylo block, pipe insulation materials that contained asbestos as a strengthening and binding agent. He was diagnosed with asbestosis in 1993 and suffered from shortness of breath and "clubbing" of his fingers, a condition resulting from asbestosis that causes fingers and fingernails to become deformed and discolored. By the time of trial, plaintiff's breathing was only 62% of normal and was decreasing. He was expected to live only another ten years, and over those ten years, would experience a slow and painful death.
McKenna sued Owens-Corning for negligent failure to warn and strict liability. The jury found Owens-Corning liable on both the strict liability and the negligence counts; assessed one million dollars for past pain and suffering, and four million dollars for future pain and suffering. The trial court entered judgment in accordance with the verdict and denied Owens Corning's post trial motions. We find no error in the trial court's rulings, and affirm.

Opening Argument
The comment made by plaintiff's counsel in opening argument does not require reversal and a new trial. During opening argument, counsel for Owens-Corning made various disparaging remarks about asbestos litigation, including the following:
The people started to get sick and there was a rash of litigation. You will hear that there was a whole industry built on the litigation. Doctors and lawyers became dependent on ... this litigation for their living.
....
In Mr. McKenna's case, litigation generated the disease. Let's think about that.
....
If you have any doubts as you listen to the evidence, listen to the evidence carefully whether you believe the disease generated the litigation or the litigation generated the disease.
....
You will hear testimony from Dr. Mezey in this case who is the only doctor that plaintiffs will bring you. You will hear that Dr. Mezey has been testifying for plaintiff's lawyers for approximately 10 years, plaintiff's lawyers like Mr. Ferraro and others. You will hear that for ten years he has been seeing approximately two asbestos plaintiffs a week at the cost of $1,500 a visit, that if you add that up, that comes up to almost $1 million.
Plaintiff's counsel repeatedly objected to these comments; the trial court overruled his objections and denied his motions for curative *363 instructions. At one point during his objections, plaintiff's counsel stated "Just for the record, I think this is the most unethical opening statement I have ever heard."
Owens-Corning argues on appeal that this last comment by plaintiff's counsel was so prejudicial and inflammatory that this court must reverse and remand for a new trial. We disagree. Even assuming that the issue was preserved for appellate review, plaintiff's counsel's characterization of defendant's comments in opening argument does not merit a new trial. See Owens-Corning Fiberglas Corp. v. Crane, 683 So.2d 552, 555 (Fla. 3d DCA 1996) ("While it is perfectly permissible for trial attorneys to point out perceived discrepancies in the evidence introduced at trial and opposing counsel's characterization of the same, it is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury in the process."); Owens Corning Fiberglas Corp. v. Morse, 653 So.2d 409, 411 (Fla. 3d DCA) (holding that comments accusing opposing counsel of "trickery" and "hiding the ball" deprived plaintiff of fair trial), rev. denied, 662 So.2d 932 (Fla.1995). However, in this case, it was Owens-Corning's counsel who repeatedly denigrated asbestos litigation and lawyers who tried asbestos cases. By calling the defendant's argument "unethical," plaintiff's lawyer was simply defending himself and his client's case against a barrage of blatant improprieties by his opponent. His comment was an accurate description of defense counsel's tirade. In fact, had the jury found for Owens-Corning instead of reaching a verdict for the plaintiff, Owens-Corning's comments would have laid the foundation for a reversal based upon the very cases that it relies upon in its brief.

Exclusion of Owens-Corning's Expert Witness
The trial court did not abuse its discretion in excluding the testimony of defendant's expert medical witness, Dr. Howard. Three days before trial, Dr. Howard had not yet examined Mr. McKenna. On December 5, Dr. Howard conducted the examination. The court ordered Owens-Corning to produce Dr. Howard's written report by 5 p.m. on Saturday, December 6, two days before trial; Owens-Corning agreed to comply. Owens-Corning did not comply with that court order. The trial court gave Owens-Corning one last opportunity to produce its expert's written report before trial began. On the morning of the first day of trial, before jury selection commenced, the court ordered Owens-Corning to produce the written medical report by noon. Owens-Corning neither complied with the court's order nor requested a continuance. Plaintiff's counsel moved to exclude any testimony from Dr. Howard or any other evidence about his medical examination of Mr. McKenna. The court granted plaintiff's motion, and in so doing, acted well within its broad grant of discretion. Had the court allowed Dr. Howard to testify without affording the plaintiff time before trial to read and analyze the report, the admission of that testimony would have been inherently prejudicial.
Clearly, except under extraordinary circumstances which do not exist here, the lawyers have a right to expect that once a trial commences, discovery and examinations must cease. The lawyers who make the opening statement must have a reasonably firm idea of what the evidence will show. Liberal rules of discovery assure this. Once the trial starts the lawyers are engaged in the unfolding of the evidence they have already collected. That is why there are discovery cutoffs. All the discovery rules and the extensive efforts of parties to discover the other party's case would be for naught if one side were able to wait until after the trial started to establish key pieces of evidence such as what occurred in this case.
Grau v. Branham, 626 So.2d 1059, 1061 (Fla. 4th DCA 1993). See also Office Depot, Inc. v. Miller, 584 So.2d 587, 589 (Fla. 4th DCA 1991) (holding that trial judge has broad discretion in deciding whether to permit or exclude witness' testimony; discovery rules should be construed and utilized to avoid "trial by ambush").

The Jury's Award of Damages
The trial court properly denied Owens-Corning's motions for a new trial or a remittitur. There is competent substantial *364 evidence to support the jury's award of damages. "Under our system, it is ordinarily, indeed almost invariably, the jury which is entrusted with the function of determining how much is enough and how much is too little or too much for the damages that have been demonstrated and described in the courtroom." Oakes v. Pittsburgh Corning Corp., 546 So.2d 427, 429 (Fla. 3d DCA 1989) (emphasis in original). In this case, as in Oakes, "it is perfectly plain that the injuries and damages to the plaintiff's well-being, to his right to freedom from physical and mental pain, and to the enjoyment of the remainder of his life were utterly devastating." Id. at 429. Although the jury verdict was admittedly large in this case, the trial court acted well within its discretion in denying the post-trial motions.
AFFIRMED.