# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2864
Lower Tribunal No. 13-18180
_____

## Citizens Property Insurance Corporation,
Appellant,

vs.

## Ricardo Gilart Vazquez and Anaixa Gonzalez Ruiz,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Link & Rockenbach, P.A., and Kara Berard Rockenbach (West Palm Beach), for appellant.

Espinosa Law Group and Daniel A. Espinosa; Kula & Associates, P.A., Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellees.

Before ROTHENBERG, C.J., and EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Citizens Property Insurance Corporation ("Citizens") appeals from a final judgment entered in favor of its insureds, appellees Ricardo Gilart Vazquez and

Anaixa Gonzalez Ruiz ("insureds"), following a jury trial in a property damage insurance case. We reverse as the insureds' discovery violations both surprised and prejudiced Citizens during the trial.

BACKGROUND

The insureds' property damage claim arose as a result of an explosion inside a marijuana grow house located across the street from the insureds' home. The explosion at the grow house occurred on September 22, 2012. Shortly thereafter, the insureds contacted Citizens to make a claim on their policy, asserting that their home was damaged by the explosion. Citizens sent a field adjuster and two engineers to inspect the property, to make an official report, and to determine the cause of the damage to the home. The engineers stated in their certified opinion that the explosion did not cause the damage and instead the damage was caused by normal wear and tear to the twenty-three-year-old house. Based on this certified opinion, Citizens denied the insureds' coverage. As a result, the insureds sued Citizens for breach of contract.

After the case was initially set for trial on the June 2014 docket, the insureds obtained four continuances and three extensions to the discovery deadline. Despite Citizens' multiple efforts earlier in litigation to depose insureds' expert, Dr. Calvin Konya, the insureds produced Konya for deposition on the last business day before trial. Konya, a licensed blaster from Ohio, was to testify at trial about the strength

2

of the explosion and the scientific reasons as to why the explosion *could have caused* damage to the home. During the deposition, Konya claimed that he had only spent five to six hours on the case prior to the deposition and based his pre-trial testimony on an engineering report, which he received two days earlier. He was unable to provide his personal opinion as to specific damages, as he had not visited the insureds' home and claimed that he did not plan to visit the home in the future. Thus, Konya's deposition was limited to his general opinion that an air blast *could have caused* the damage.

The trial began on August 17, 2015, and the jury was selected and sworn on August 18, 2015. Unbeknownst to Citizens, Konya arrived in Florida on August 18, 2015 to testify at trial and inspected the insureds' property that same night. Konya did not testify at trial until August 21, 2015. The insureds had two days to disclose that Konya inspected the property but failed to do so. On August 21, 2015, Konya was called as the insureds' last witness, and it was revealed for the first time, before Konya took the stand, that he had inspected the property during trial. Citizens moved to suppress Konya's testimony. The trial court denied the motion and allowed the testimony, so long as the testimony did not differ from Konya's pre-trial deposition. Despite this instruction, Konya testified *with certainty* that the explosion *caused* specific damages. Konya's mid-trial inspection became the basis for his opinions and testimony at trial. On cross-examination, Konya admitted that

without the inspection of the property, he could not have testified to the specific damages. Ultimately, Konya admitted that his opinion formed after the inspection of the home.

Citizens moved for a new trial on the basis of Konya's mid-trial inspection of the property and his qualifications. The trial court denied Citizens's motion. Subsequently, the jury found in favor of the insureds and awarded the insureds $100,000.00. Citizens now appeals the judgement based on Konya's testimony.

ANALYSIS

We find that the trial court abused its discretion in admitting Konya's trial testimony. See Office Depot, Inc. v. Miller, 584 So. 2d 587, 589 (Fla. 4th DCA 1991). "[A]ll relevant facts should be obtainable by the litigants in advance of a proceeding so as to 'render surprise at the trial a practical impossibility.'" Semmer v. Johnson, 634 So. 2d 1123, 1124 (Fla. 2d DCA 1994). Trial courts should not admit evidence obtained after the discovery deadline. See Auto Owners Ins. Co. v. Clark, 676 So. 2d 3, 4 (Fla. 4th DCA 1996); Dep't of Health & Rehab. Servs. v. J.B., 675 So. 2d 241, 243 (Fla. 4th DCA 1996); Colonnell v. Mitchels, 317 So. 2d 799, 801 (Fla. 2d DCA 1975).

Furthermore, trial counsel has a reasonable expectation that discovery ceases once trial begins and that experts will not change or develop their opinions after the discovery deadline. See Thompson v. Wal-Mart Stores, Inc., 60 So. 3d 440,

4

444 (Fla. 3d DCA 2011); Owens-Corning Fiberglas Corp. v. McKenna, 726 So. 2d 361, 363 (Fla. 3d DCA 1999). When a party presents evidence at trial not previously seen or heard by the opposing party, the admission of that evidence is inherently prejudicial. See Gonzalez v. State, 777 So. 2d 1068, 1070 (Fla. 3d DCA 2001).

In this case, the critical date is August 19, 2015, the day the jury was sworn and the day Konya inspected the house. The mid-trial inspection violated the discovery orders of the trial court. The trial court granted multiple motions for continuance and extended the discovery deadline three times. Additionally, the mid-trial inspection of the home was improper because the inspection of the home occurred after the discovery deadline and during trial. The post-discovery assessment of the home changed Konya's general opinion that the explosion *could have caused* the damage to an opinion of certainty that the explosion did indeed *cause* specific damages. The change in testimony was a surprise to Citizens because Konya was only able to give general opinions of the damage at his deposition on August 14, 2015. Citizens's trial counsel relied on this deposition testimony during his opening statement instructing the jury to listen closely to the plaintiff's experts who could not prove causation with certainty.[1] Thus, Konya

---

[1] Based on Konya's deposition testimony, Citizens' trial counsel told the jury during opening statement:

You are going to hear Mr. Espinosa talk about Dr. Konya, who

5

surprised Citizens when he testified with certainty that the explosion created air pressure sufficient to cause specific damage in the home.

However, surprise alone is not enough; the surprise must also be prejudicial. See White v. State, 817 So. 2d 799, 806 (Fla. 2002). In the present case, Konya's surprise testimony prejudiced Citizens because the testimony became the foundation for the insureds' case. Konya's testimony connected, with scientific certainty, the explosion of the grow house with specific damages to the insureds' house. Further, the mid-trial inspection and surprise testimony did not allow Citizens to challenge Konya's qualifications to make conclusions about specific damage to the home. And, as discussed earlier, Citizens had already informed the jury, in its opening statement, that Konya would not be able to testify with certainty that the explosion caused damage to the home. Therefore, Konya's surprise testimony prejudiced Citizens because the timing of the testimony did not allow Citizens to challenge Konya's qualifications and rebut critical testimony. See Menard v. Univ. Radiation Oncology Associates, LLP, 976 So. 2d 69, 72 (Fla. 4th DCA 2008) ("In short, allowing parties at trial to substantially change the

---

purports to be an expert in explosions. He is not going to be able to tell you that the explosion across the street caused this damage. . . . His opinion in this case is simply that this explosion could have caused damage over here. In his opinion, he thinks it's possible. That is what he is going to tell you. Not the [sic] specific damage that [sic] Mr. and Mrs. Vazquez's house was caused by the explosion. That is what you are going to hear from him.

6

essential import of pretrial testimony of any kind without prior disclosure in discovery slants the field of justice to give unfair advantage to the party making such a change.").

## CONCLUSION

Accordingly, we conclude that the trial court abused its discretion when it allowed Konya to testify because Konya's opinion was based on information obtained post-discovery and mid-trial. Because Konya's trial testimony both surprised and prejudiced Citizens during trial, we reverse the final judgment and remand for a new trial.

Reversed and remanded.